NOYES & a. *v.* BLODGETT & a.

In actions for deceit in the sale of chattels, the measure of damages is the difference between the actual value of the article sold and its value as represented, together with such other damages as could be reasonably anticipated by the parties as likely to be caused by the fraud.

If by reasonable care the vendee could have avoided the injury resulting from the fraud, he cannot maintain an action to recover damages therefor.

CASE, for deceit in the sale of apples delivered to the plaintiffs at depot in Exeter, and by them shipped to Canada.

On the question of damages, the jury, against the defendants' objection, were instructed that they might consider the loss directly resulting from the inferior quality of the apples, and all expense, trouble, and annoyance, which were the necessary consequence of the fraud practised by the defendants.

Verdict for the plaintiff, and motion for a new trial.

*Ray, Drew & Jordan*, for the defendants.

*Aldrich & Shurtleff*, for the plaintiffs.

STANLEY, J. The measure of damages on a breach of warranty in the sale of personal property, where it remains in the possession of the purchaser, is the difference between the value of the property as it would be if the warranty or representation were true and the actual value at the time of the sale. *Fisk* v. *Hicks*, 31 N. H. 535 ; *Carr* v. *Moore*, 41 N. H. 131 ; *Page* v. *Parker*, 43 N. H. 363, 368 ; *Stiles* v. *White*, 11 Met. 356 ; *Armstrong* v. *Percy*, 5 Wend. 535 ; Bigelow on Fraud 508 ; Field on Dam. 256, s. 272. To this, however, there is frequently added such incidental losses to the plaintiff as naturally and actually result from the fraud or breach of warranty, or, as stated by Benjamin, such damages as were the natural and ordinary result of such fraudulent representations—Benjamin on Sales, 1 Am. ed., 789, 790 ; *Bowman* v. *Parker*, 40 Vt. 410 ; or, as the rule is sometimes stated, the wrong-doer must answer for those results injurious to another which must be presumed to have been within his contemplation at the time of the fraud. *Crater* v. *Binninger*, 33 N. J. L. 513 ; *Faris* v. *Lewis*, 2 B. Mon. 375 ; Bigelow on Fraud 506. The rule is, however, subject to the qualification, that it is the duty of the purchaser to use reasonable care to prevent the consequences of the injury, and he can only recover such damages as could not, by such care, have been avoided. Field on Dam. 130 ; Mayne on Dam. 49 ; 1 Hill. on Torts 17. The instructions to which exception was taken were not in accordance with these views, and for this reason were erroneous.