## GOODWIN v. HORNE.

In an action upon a promissory note, given for the right to make and sell a patent spring-bed, under a plea that the note was obtained by fraud, it is competent for the defendant to show that the payee, as an inducement to the giving of the note, falsely and fraudently promised to buy of the defendant, at a profit to him, a large number of springbeds, and return the note in payment.

On the question of the honesty and good faith of a defence, it is competent for the plaintiff to show that the defendant, after the suit was brought, conveyed his real estate to prevent the satisfaction of any judgment which the plaintiff might obtain upon the suit; but, against objection, such conveyance cannot be shown by secondary evidence.

ASSUMPSIT, by the indorsee of two promissory notes, signed by the defendant, and indorsed by the payee to the plaintiff before maturity. Plea, the general issue, and a brief statement that the notes were without consideration, and were procured by the fraud of the payee, of which the plaintiff had knowledge. The notes were given for the right to make and sell a patent spring-bed in the states of Maine and New Hampshire. Subject to the plaintiff's exception, the defendant was allowed to testify that among other fraudulent representations made by the payee to induce him to give the notes were these:—that the payee and one Beadle would require a large number of beds for their Southern trade, of the kind covered by the patent sold to the defendant; that they would want five hundred at least, and probably many more, and would buy them of the defendant at a price above the cost of manufacture which would give him fifty cents profit on each bed; that the payee would retain and hold the notes, and use them toward paying for the beds agreed to be purchased of the defendant; that no beds were in fact ordered by the payee, or by Beadle. On cross-examination of the defendant, the plaintiff's counsel asked him whether since this suit was brought he had not made a conveyance of certain real estate to prevent the satisfaction of any judgment the plaintiff might recover against him in this action. The question, having been objected to as immaterial, and as calling for secondary evidence of the alleged conveyance, was excluded, and the plaintiff excepted. Verdict for the defendant, which the plaintiff moves to set aside.

*Copeland & Edgerly*, for the plaintiff.

*Wells & Burleigh*, for the defendant.

ALLEN, J. The rule that parol evidence is inadmissible to vary the terms of a written contract, does not exclude evidence of a want of consideration, illegality, or fraud, when a defence is made on any one of these grounds. Although the agreement of the payee to buy five hundred beds at a profit to the defendant, and in payment of the notes, was no part of the consideration, it was an inducement to the sale of the invention for which the notes were given. Ordinarily false promises are not fraudulent, nor evidence of fraud, and only false representations of past or existing facts are actionable, or can be made the ground of defence. *Long* v. *Woodman*, 58 Me. 49; *Murray* v. *Beckwith*, 48 Ill. 391; *Loupe* v.

*Wood,* 51 Cal. 586; *Jorden* v. *Money,* 5 H. L. Cas. 185; Cool. Torts 486. But when a promise is made with no intention of performance, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defence. Such are cases of concealed insolvency, and purchases of goods with no intention to pay for them. *Bradley* v. *Obear,* 10 N. H. 477. If the payee had no intention to buy the spring-beds, and used the promise for the purpose of inducing the defendant to buy the invention and give the notes, and the defendant, relying upon the promise, gave them, it was evidence of fraud. The evidence objected to contained only a part of the representations made at the time, and claimed to be fraudulent. With other representations and acts of the payee, the evidence was relevant to the question of his intention to defraud the defendant, and induce him to give notes for a worthless patent. All the negotiations between the parties at the time of the sale, and when the notes were given, were material upon the question of fraud in the payee.

The offer of the plaintiff to show that since the suit was brought the defendant conveyed his real estate to prevent the satisfaction of any judgment which the plaintiff might recover, was an offer to show the conveyance of land by parol evidence, and objection was made upon this ground. Competent evidence of such a conveyance was material upon the question of the honesty and good faith of the defence. *Gutterson* v. *Morse,* 58 N. H. 165. But the evidence offered was secondary in its character, and this was a sufficient ground for its exclusion.

*Judgment on the verdict.*

BLODGETT, J., did not sit: the others concurred.