Merrimack,
June 27, 1914.

### ELMIRA W. SLEEPER v. CARLOS D. SMITH & a.

Certain evidence deemed sufficient to warrant the finding that the defendants in an action for fraud made false representations to the plaintiff, intending thereby to induce her to sell her mortgage security at a price far below its actual value, and that she relied on and was influenced by such representations to dispose of her property for the sum offered her.

An opinion not honestly entertained, but expressed by a prospective vendee for the purpose of misleading an inexperienced owner as to the value of his property, may constitute a false representation which will support an action for fraud.

The fact that the plaintiff in an action for fraud was advised by persons other than the defendant does not conclusively show that she was not misled by the latter's false representations.

CASE, for fraud alleged to have been practiced upon the plaintiff by the defendants in obtaining from her an assignment of a mortgage upon a farm in Enfield. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1913, of the superior court by *Chamberlin*, J., on the defendants' exceptions to the denial of their motions for a nonsuit and the direction of a verdict in their favor. The evidence reported in the case is referred to in the opinion.

*Niles & Upton* (*Mr. Upton* orally), for the plaintiff.

*Edgar W. Smith* and *John H. Albin* (*Mr. Smith* orally), for the defendants.

WALKER, J.   The defendants' motions for a nonsuit and for a directed verdict present the question of law, whether the evidence authorized the jury to find that the defendants made false and fraudulent representations to the plaintiff, intending thereby to induce her to sell her mortgage security to them for a sum far below its actual value, and that the plaintiff relied on and was induced by such representations to sell her mortgage for the sum mentioned. As there were no exceptions to the charge, it must be assumed that the jury were properly instructed in regard to the law of the case. The principal contention therefore relates to the sufficiency of the evidence to support the verdict.

That the plaintiff sold her mortgage on the farm in question to the defendants for $100, a ninth part of the sum for which it was originally given, upon the personal solicitation of one of the defendants, Smith, who was acting for the others as well as for himself, is conceded.   It is also admitted that the plaintiff was an old lady who had little knowledge of real estate values, while Smith was a business man who was conversant with land values in that vicinity and who, in conjunction with his partners, purchased the first mortgage on the farm and sought to buy the plaintiff's interest for the purpose of making money by the transaction.   It is clear that Smith's purpose in visiting the plaintiff was to induce her in some way to sell her mortgage, which was the third mortgage on the property.

There was evidence tending to show that the defendants were enthusiastic in carrying out their purpose of buying up the outstanding mortgages and in acquiring an absolute title to the property upon foreclosure proceedings, which had been begun.   The plaintiff testified that Smith told her he could not pay her more than $100 for her mortgage, for he didn't know how they would come out.   A reasonable inference from his conversation with her, according to her testimony, would be that he had serious doubts about the property being worth more than the amount of the first two mortgages, which was about $7,000, and that the plaintiff relied upon this representation and was induced to give up her security for $100, upon the theory, as she testified, that it was better to take that than to lose the whole of her claim.   Considerable evidence was introduced upon the subject of the value of the farm, from which the jury might have found that at the time of this transaction it was worth about $14,000 and that the defendants understood that it was at least worth much more than the mort-

gage indebtedness. The facts that the defendants were good business men, and that thay had carefully examined the property to ascertain its value with a view of purchasing it, justified the finding that they knew it was worth much more than Smith represented it to be to the plaintiff. There was evidence, therefore, of all the elements of fraud perpetrated by the defendants upon the plaintiff: a false representation, known by the defendants to be such, as to the value of the plaintiff's security, made for the purpose of inducing her to sell it to them for little more than a nominal sum, her sale of it to them in justifiable reliance upon their representation, and the resulting damage to her. *Stewart* v. *Stearns,* 63 N. H. 99; *Spead* v. *Tomlinson,* 73 N. H. 46, 61; *Shackett* v. *Bickford,* 74 N. H. 57; *Sipola* v. *Winship,* 74 N. H. 240; *Cunningham* v. *Company,* 74 N. H. 435; *Redgrave* v. *Hurd,* 20 Ch. Div. 1.

The argument advanced by the defendants, that what Smith said about the value of the property and the almost worthless character of the plaintiff's mortgage was a mere expression of opinion and not the assertion of a fact upon which she was entitled to rely, is fallacious; for if in one sense it was the expression of an opinion, the jury could find that, in view of his business ability and the careful examination he had made of the property, he did not in fact entertain that opinion, but expressed it for the purpose of misleading the plaintiff. "When a person gives his opinion, the statement that it is his opinion includes one that he believes what he has said to be the truth; in other words, that what he has stated as his opinion is his opinion. Every expression of opinion contains at least, that one statement of fact; consequently, a person can state what he knows to be false, for the purpose of inducing another to change his position, when he pretends to express his opinion as to any matter, as well as when he pretends to state facts in relation to it. In such a case the falsity of the statement consists in stating something as his opinion which is not his opinion." *Spead* v. *Tomlinson, supra,* 62.

The fact that the plaintiff called in two other men to advise her in the matter may have been evidence that she did not rely entirely on what Smith said, but it is not conclusive that she was not misled by his statements. It was clearly competent for the jury to find that she was.

The exception to the plaintiff's testimony that a man from Boston tried to purchase her mortgage after she had sold it to the defendants is unavailing. It seems she had already stated without objec-

tion that she received such an offer. Whether the man lived in Boston, or not, does not seem to be important or prejudicial. Its admission was not error.

*Exceptions overruled: judgment for the plaintiff.*

PLUMMER, J., was absent: the others concurred.