Merrimack, ⎱
Feb. 5, 1918. ⎰

Fred Ouilette *v.* George L. Theobald.

A false statement as to what a person thinks respecting a matter is actionable, if made to defraud.

Assumpsit, to recover money paid a the price of a horse, on a sale induced by fraudulent representations. Trial by jury and verdict for the plaintiff. A sore had gathered on its hip and after discharging for a short time begun to heal. Before the horse completely recovered, the sore gathered again and broke out in a new place. This had been repeated several times before the defendant sold the horse to the plaintiff. A veterinary advised the defendant some months before the sale that if the disease took this course it was improbable that the horse would recover. The plaintiff asked the defendant what he thought of the condition of the horse and he assured him that the horse was improving and that he thought it would recover. The plaintiff would not have bought the horse but for this statement. Transferred by *Sawyer*, J., from the April term, 1917, of the superior court on the defendant's exception to the denial of his motion for a directed verdict.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*Martin & Howe* (Mr. *Howe* orally), for the defendant.

Young, J. The fair inference to be drawn from the defendant's representation in respect to the condition of the horse is that he thought it would recover. That is the inference the plaintiff drew and the one the defendant intended he should draw from the state-

ment. The fact the improvement in the condition of the horse had proved to be only temporary on several former occasions, when taken in connection with the veterinary's advice and the fact the price for which the horse was sold was only about half the price of a sound horse, warrants the conclusion that the defendant feared the horse might never recover. In other words, it warrants the conclusion that he was not telling the truth when he said he thought the horse would recover. A false statement as to what a person thinks (*Sleeper* v. *Smith*, 77 N. H. 337, 339), as well as one as to what he knows in respect to a particular matter (*Stewart* v. *Stearns*, 63 N. H. 99) is actionable, if it is made to defraud. *Shackett* v. *Bickford*, 74 N. H. 57.

*Exception overruled.*

All concurred.