Belknap, }
Jan. 3, 1933. }

ELLEN A. COPELAND *v.* NELLIE C. REYNOLDS & *a.*

NELLIE C. REYNOLDS *v.* ELLEN A. COPELAND.

*Cooper & Hall (Mr. Cooper* orally), for the plaintiff in the action for deceit; *Tilton & Tilton,* for the defendant.

*Tilton & Tilton (Mr. Frederick A. Tilton* orally), for the plaintiff in the action of assumpsit; *Cooper & Hall,* for the defendant.

ALLEN, J. The parties are at issue on the purchaser's claim of a rescission of the purchase on learning of the deceit. Each party

argues that the judgment in the action for deceit is *res adjudicata* upon the issue. The purchaser takes the position that the action was predicated upon a prior election to rescind, while the seller argues that it imported an affirmance of the sale. It is not disputed that the judgment settled the purchaser's right to rescind in her favor. Being defrauded, she was entitled to rescind as a right given her because of the fraud. The controversy relates to her exercise of the right. She had an election between two remedial courses and the inquiry is which one she chose and the effect of the judgment in showing what her choice was. If she rescinded, she is not liable on the note. " . . . on a rescission of a contract the contract is avoided *ab initio*, and the rights of the parties in reference to the subject matter of it are as if no contract had ever been made." *Nash* v. *Company*, 163 Mass. 574, 581.

The judgment in deceit does not by itself show the purchaser's election between rescission and affirmance. Upon either election a defrauded purchaser may have rights of action. On rescission, suit may be brought to recover the consideration paid and accomplish the restoration of the prior situation. *Fellows* v. *Judge*, 72 N. H. 466. On affirmance an action lies to recover the impairment in value of the purchase sustained by reason of the fraud and whatever incidental damage the fraud may have caused. *Noyes* v. *Blodgett*, 58 N. H. 502. But in another suit between the same parties upon a different cause of action, the judgment in the prior action concludes the parties "as to those matters which were then directly in issue, and either admitted by the pleadings or actually tried." *Metcalf* v. *Gilmore*, 63 N. H. 174, 189, 190. It follows that to determine the effect of a judgment in this respect the pleadings and the record of the trial are competent and available to show what the material issues were. In the case here the pleadings are transferred. The record of the trial is not, and it is assumed the parties have not deemed it helpful upon the question presented.

The declaration in the action for deceit alleges as damages the payment towards the purchase price and special expense incurred by reason of making the purchase. The claim of special expense is consistent with rescission, if not inconsistent with affirmance. It is well pleaded as an item of recovery in accomplishing restoration of the purchaser's position as though the sale had not taken place. Without recovery she would remain under loss after electing to rescind. The item for recovery of the payment made is more decisive. It necessarily implies a rescission. It presupposes a disaffirmance of

the purchase and presents a claim of restoration. Damages are sought, not for the loss the fraud caused in impairing the value of the purchase, but to recover the payment towards it. Such recovery is a measure of damages only ensuing rescission. Upon affirmance, payment of or towards the price may not be demanded back. The right to avoid the contract is waived and its resulting validity makes its terms binding with obligation to pay the agreed price. The contract remaining in force, the damages from the fraud are measured by its lessened value. Retaining the contract with its liabilities, how much better off would the purchaser be without the fraud within the limits of legal causation, is the inquiry in cases of affirmance.

If recovery of the payment should have been sought by a count in the declaration for money had and received (*Fellows* v. *Judge, supra*), the error in pleading did not affect the essential point that by the declaration such recovery was sought. As the right to recover the payment was contingent upon the exercise of the right of rescission, the declaration implied no affirmance of the purchase. On the contrary, although it was in deceit, its implication of a rescission was definite and certain. If assumpsit instead of deceit was the proper action, it was because the declaration in deceit was demurrable as seeking an inappropriate remedy when rescission is claimed, but not as a denial of the claim of rescission. Amendment of the form of action would cure the error. By the amendment the implied averment of rescission would remain unchanged, and the amendment would merely facilitate the enforcement of rights ensuing rescission.

The purchaser's right to recover her payment depended upon the fact of rescission as well as upon her right to rescind. She could recover it only if she rightfully rescinded. The judgment therefore establishes both the fact and the right of rescission as matters in issue.

The seller argues that the purchaser acted in such a manner as to disprove or bar a rescission, and various items of conduct and action are discussed in this connection. They may not now be considered. If the purchaser acted inconsistently with a position of rescission, it was a matter to be determined at the trial. The issue of rescission being there presented by the pleadings, all questions bearing on it were then to be disposed of, including that of the sufficiency of the evidence for a finding of rescission. The validity of the judgment being conceded, the essential finding of rescission to support it cannot now be attacked.

It may be observed, however, that the situation when the purchaser brought her suit was unusual. The property mortgaged was

advertised for a foreclosure sale and the stock of goods was under attachment. Under the rule that a rescinding party is required, not necessarily to put the other party *in statu quo*, but only to do what is equitably called for (*Page Belting Co.* v. *Prince*, 77 N.H. 309, 313), the circumstances the seller points out would seem inconclusive to show affirmance. They are of retention of possession after she brought her suit, of her continued sale of goods from the stock included in the sale, and of her failure to account for what she sold. Her retention of possession was temporary and apparently terminated voluntarily. It does not appear that she sold goods to any substantial amount. It might be equitable that she should have time in which to turn after learning of the fraud, without regarding her conduct as amounting to affirmance. Also it may be observed that the verdict was substantially less than the payment made. The deduction suggests that at the trial these matters on the issue of rescission were also considered from the standpoint of recoupment. By the law of the trial allowance for them to the seller may have been an equitable consideration for their disallowance as an affirmance.

*In the action for deceit, motion denied.*

*In the action of assumpsit, judgment for the defendant.*

All concurred.