No. 2003-700

TERRY T. THOMAS

v.

THE TELEGRAPH PUBLISHING CO. d/b/a THE TELEGRAPH & a.

Submitted: July 26, 2004
Opinion Issued: September 24, 2004

*Terry T. Thomas*, by brief, *pro se.*

*Getman, Stacey, Schulthess & Steere, P.A.*, of Bedford (*John A. Curran* on the brief), for defendants Roland Anderson, Gene Bousquet and Albert Droney.

*Nelson, Kinder, Mosseau & Saturley, P.C.*, of Manchester (*Catherine M. Costanzo* on the brief), for defendant Edith Flynn.

*Gagliuso & Gagliuso P.A.*, of Merrimack (*Courtney J. Merrill* on the brief) for defendants Telegraph Publishing Co. and Terrence L. Williams.

NADEAU, J. In these appeals, we are asked to determine whether the Trial Court (*Groff*, J.) erred in: (1) finding personal jurisdiction over four Massachusetts defendants; and (2) denying the plaintiff's motion to amend his writ. We affirm and remand.

In December 2002, the plaintiff, Terry T. Thomas, filed an action alleging "defamation—libel and slander" against several defendants. The action was based upon the publication of an article in the *Nashua Telegraph* on December 22, 1999. Four of the defendants, including Telegraph Publishing Co. and Terrence L. Williams, are based in New Hampshire. Four defendants, Roland Anderson, Gene Bousquet, Albert Droney, and Edith Flynn (Massachusetts defendants), are from

Massachusetts and were quoted in the article after having been contacted by the authoring reporter. They filed motions to dismiss, alleging lack of personal jurisdiction, accompanied by affidavits stating that they were residents of and employees in Massachusetts and owned no property in New Hampshire. The trial court denied their motions and they appealed. *See Mosier v. Kinley*, 142 N.H. 415, 424 (1997).

In June 2003, the plaintiff sought to amend his writ to add an "invasion of privacy—false light" count. The trial court also denied this motion, finding that: (1) it was an entirely new cause of action; (2) the statute of limitations had run; and (3) the defendants would be substantially prejudiced. The plaintiff then filed his interlocutory appeal. *See* SUP. CT. R. 8.

## I. Personal Jurisdiction

We turn first to the issue of personal jurisdiction. The plaintiff bears the burden of demonstrating facts sufficient to establish personal jurisdiction; he need make only a *prima facie* showing of jurisdictional facts to defeat a motion to dismiss. *See Lyme Timber Co. v. DSF Investors*, 150 N.H. 557, 559 (2004). Although the facts alleged in his pleadings are assumed to be true, when those facts relate to personal jurisdiction, he must offer affirmative proof. *See Staffing Network v. Pietropaolo*, 145 N.H. 456, 457 (2000). Where a *prima facie* evidence standard is applicable, we review the trial court's ruling on the motion to dismiss for lack of personal jurisdiction *de novo*. *See Lyme Timber*, 150 N.H. at 559.

The plaintiff alleges that the article in the *Nashua Telegraph* contained republication of slanderous remarks and statements made by the Massachusetts defendants. He alleges that the statements were untrue, although communicated as if factually accurate.

Personal jurisdiction may be exercised in cases where the contacts between a defendant and New Hampshire satisfy the New Hampshire long-arm statute and the Federal Due Process Clause. *See id.* RSA 510:4, I (1997), the New Hampshire long-arm statute, permits jurisdiction over "[a]ny person who is not an inhabitant of this state and, who in person or through an agent, ... commits a tortious act within this state." For jurisdictional purposes, a party commits a tortious act within the State when the injury occurs in New Hampshire even if the injury is the result of acts outside the State. *See Tavoularis v. Womer*, 123 N.H. 423, 426 (1983). In this case, where the alleged injury occurred as a result of the publication of an article in the *Nashua Telegraph*, the requirements of the New Hampshire long-arm statute are met.

██ "The federal Due Process Clause permits the exercise of personal jurisdiction over a defendant if the defendant has certain minimum contacts [with the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Staffing Network*, 145 N.H. at 458 (quotation omitted). "Jurisdiction can be 'general,' where the defendant's contacts with the forum State are 'continuous and systematic,' or 'specific,' where the cause of action arises out of or relates to the defendant's forum-based contacts." *Lyme Timber*, 150 N.H. at 559. In this case, the trial court correctly limited its analysis to whether specific personal jurisdiction existed.

██ Under the Federal Due Process Clause, the exercise of specific personal jurisdiction is proper where plaintiffs establish that: (1) their cause of action arises out of or relates to the defendants' contacts with the forum State; (2) the defendants purposely availed themselves of the privilege of conducting activities within the State; and (3) allowing the suit to go forward in the forum State is fair and reasonable. *See Staffing Network*, 145 N.H. at 458-59.

We have not yet addressed whether "arises out of" or "relates to" are independent variables of the relatedness requirement or whether they are two means of expressing the same concept. The First Circuit Court of Appeals has concluded that the use of the word "or" indicates that the two variables are independent, thereby indicating increased flexibility in determining whether the relatedness requirement has been met. *See Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 206 (1st Cir. 1994).

██ We note, as did the First Circuit, that in a defamation action, when the defendant is a reporter's source, "the link between the defendant's conduct and the cause of action is attenuated by the intervening activities of third parties." *Id.* at 207. Nevertheless, because it is the claimed verbatim reporting of the defendants' comments that forms the basis of this lawsuit, we conclude that the plaintiff has satisfied the relatedness requirement.

██ The second factor, purposeful availment, requires both foreseeability and voluntariness. *See Lyme Timber*, 150 N.H. at 561. In this case, where the defendants were contacted by a reporter for a New Hampshire newspaper, it was reasonably foreseeable that their comments would be published in New Hampshire. That the reporter initiated contact is a factor in our evaluation of the voluntariness of the defendants' contact with New Hampshire. We note, however, "that a person speaking on the telephone is free to refrain from making defamatory statements in the

same way that a person standing beside the telephone is free to refrain from calling a reporter. In terms of moral philosophy, both persons, by acting, commit acts of will." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d at 209 n.12.

■ Finally, we examine whether allowing the lawsuit to go forward in New Hampshire is fair and reasonable. *See Brother Records v. HarperCollins Publishers*, 141 N.H. 322, 328 (1996), *cert. denied*, 520 U.S. 1103 (1997). We consider "the burden on the defendant[s], the forum State's interest in adjudicating the dispute, the plaintiff['s] interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.*

■ Four of the defendants are residents of the neighboring Commonwealth of Massachusetts; four are from New Hampshire. The lawsuit is being heard in a county bordering Massachusetts. While defending a lawsuit may impose a burden upon any defendant, we find little additional burden caused by requiring the Massachusetts defendants in this case to appear in New Hampshire. Moreover, because the defendants are from both New Hampshire and Massachusetts, we are reluctant on the record before us to dismiss the Massachusetts defendants, thereby creating the possibility of duplicative litigation. Given New Hampshire's "strong interest in providing a forum for its residents to redress injuries they suffer here," *Estabrook v. Wetmore*, 129 N.H. 520, 525 (1987), we conclude that the Massachusetts defendants' burden in defending this case is outweighed by the State's interest in adjudicating it, the plaintiff's interest in obtaining convenient and effective relief, and the interest of the interstate judicial system in obtaining the most efficient resolution of controversies.

## II. Amendment of Writ

■ The decision of the trial court to deny a motion to amend will not be overturned absent an unsustainable exercise of discretion. *See Bennett v. ITT Hartford Group*, 150 N.H. 753, 760 (2004). Generally, a court should allow amendments to pleadings to correct technical defects but need only allow substantive amendments when necessary to prevent injustice. *See Keshishian v. CMC Radiologists*, 142 N.H. 168, 176 (1997). A substantive amendment that introduces an entirely new cause of action, or calls for substantially different evidence, may be properly denied. *See id.*

■ In this case, the plaintiff divided his writ into three numbered sections: the first was captioned "Parties," the second, "Statement of Facts," and the third, "Defamation—Libel and Slander." In June 2003, he filed a motion to amend, seeking to add a claim based upon "invasion of privacy—false light." We have not yet addressed whether the tort of invasion of privacy—false light is recognized in New Hampshire, *see* *Hamberger v. Eastman*, 106 N.H. 107 (1964), and we need not do so at this time. What is relevant is that invasion of privacy is a new cause of action; as such, absent a showing of injustice, it was within the trial court's discretion to deny the plaintiff's motion to amend his writ.

The plaintiff argues on appeal that his proposed amendment merely "sought to clarify only what was originally pled in the original writ of summons"; therefore the statute of limitations would not bar this claim. We note that the plaintiff did not argue in his original motion that the proposed amendment was merely technical. Moreover, a review of the structure of his writ does not support his argument in that the only cause of action noted was his defamation claim. To allow the plaintiff to amend his writ after the statute of limitations had run would unfairly prejudice the defendants; the decision of the trial court is therefore sustainable.

*Affirmed and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.