# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0675, <u>Sheila D. Petrin v. David M. Liberatore & a.</u>, the court on September 17, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Sheila D. Petrin, appeals an order of the Superior Court (<u>Nicolosi</u>, J.) dismissing her first amended complaint filed against defendant David M. Liberatore alleging claims for fraud, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing (implied covenant), and violation of the New Hampshire Consumer Protection Act (CPA), <u>see</u> RSA ch. 358-A (2009 & Supp. 2017). On appeal, the plaintiff argues that the trial court erred by dismissing: (1) her fraud and negligent misrepresentation claims on the ground that she alleged insufficient facts to state claims upon which relief could be granted; and (2) her implied covenant and CPA claims on the ground that they were time-barred because they constituted entirely new causes of action, filed after the applicable statute of limitations had run. We affirm in part, reverse in part, and remand.

The following facts, viewed in the light most favorable to the plaintiff, are derived from either her first amended complaint or the record submitted on appeal. In September 2013, the plaintiff, who had little experience in real estate transactions, retained Liberatore as her real estate agent. Before she did so, Liberatore informed her that he had been a licensed realtor since 1992, the president of the Lakes Region Board of Realtors in 2006, and that organization's "Realtor of the Year" in 2007.

On the day that the plaintiff retained Liberatore, the two visited a mobile home listing in Concord. During their visit, Liberatore did not inspect the home for signs of mold or rot or examine the furnace, water heater, oil tank, or roof. Liberatore also did not advise the plaintiff that she should inspect the home for signs of mold or rot or examine the furnace, water heater, oil tank, or roof.

Afterwards, Liberatore drafted a purchase and sale (P & S) agreement for the plaintiff to purchase the mobile home. As he did so, Liberatore advised the plaintiff that it was unnecessary to have the home inspected by a home inspector. Liberatore did not disclose to the plaintiff that he had not personally examined the home for signs of mold or rot or inspected the furnace, water heater, oil tank, or roof.

Relying upon Liberatore's recommendation, the plaintiff signed the P & S and waived her right to a home inspection. Her offer was accepted, and the sale closed on October 30, 2013. The plaintiff took possession of the home on October 31.

Soon thereafter, the plaintiff discovered that: (1) the water heater was not properly wired; (2) there was mold growing under the water heater and the new bathroom tiles; (3) the furnace had not been serviced since 2003; and (4) the oil tank was mounted on loose cinder blocks. Within days of discovering those problems, the plaintiff asked Liberatore to help rectify them, and he refused. Although the plaintiff took actions to rectify the problems, she continued to have health problems potentially caused by mold. Therefore, she retained a contractor to look for additional mold in the home. Mold was discovered in the walls of the home and the plaintiff was informed that to remove it would cost more than $13,000. The plaintiff is currently unable to live in the home because of the continued presence of mold.

The plaintiff, representing herself, filed her original complaint against Liberatore on October 31, 2016. That complaint, written on a standard judicial branch form, requested that the trial court order Liberatore to resolve "all mold issues" and to partially reimburse her for "the expenses of the home obligations while [the home is] unlivable." The initial complaint did not identify any legal theory underlying the plaintiff's claims.

Liberatore moved to dismiss the plaintiff's initial complaint on the ground that any claim was time-barred and that she had failed to allege sufficient facts to sustain a claim. The plaintiff, now represented by an attorney, objected to the motion and argued that her initial complaint alleged claims for fraud and negligent misrepresentation. On March 7, 2017, the trial court ruled that those claims were timely because they were filed on Monday, October 31, 2016, "within the time limit imposed by the statute of limitations," but dismissed them because insufficient facts were alleged to support them. The court allowed the plaintiff to amend her complaint "to allege further facts to support her claims."

The plaintiff filed her first amended complaint on April 5, 2017, alleging substantially similar facts to those in her initial complaint. This complaint divided her claims into four causes of action: fraud, negligent misrepresentation, implied covenant, and violation of the CPA. Liberatore moved to dismiss the plaintiff's first amended complaint on the grounds that: (1) her implied covenant and CPA claims constituted entirely new causes of action that were time-barred because they were filed after the applicable statute of limitations had run; and (2) her fraud and negligent misrepresentation claims were supported by insufficient facts. The trial court agreed with Liberatore and dismissed the plaintiff's first amended complaint in its entirety. This appeal followed.

We first address the trial court's dismissal of the plaintiff's implied covenant and CPA claims. "Generally, a court should allow amendments to pleadings to correct technical defects but need only allow substantive amendments when necessary to prevent injustice." Thomas v. Telegraph Publ'g Co., 151 N.H. 435, 439 (2004); see RSA 514:9 (2007). "It is well settled that a defendant is entitled to be informed of the theory on which [a plaintiff is] proceeding and the redress that [the plaintiff] claim[s] as a result of the defendant's actions." Pike Industries v. Hiltz Construction, 143 N.H. 1, 3 (1998) (quotation omitted). Thus, "[a] substantive amendment that introduces an entirely new cause of action, or calls for substantially different evidence, may be properly denied." Thomas, 151 N.H. at 439.

In this case, after dismissing her initial complaint, the trial court gave the plaintiff 30 days to amend it in order "to allege further facts to support her claims." Thereafter, the court decided that the plaintiff's implied covenant and CPA claims constituted entirely new causes of action and that, to allow her to amend her complaint to add them "over five months after the statute of limitations ha[d] run" would be "unfair and prejudicial" to Liberatore. See id. at 440 (determining that "[t]o allow the plaintiff to amend his writ" to add an invasion of privacy claim "after the statute of limitations had run would unfairly prejudice the defendants"). Thus, the court dismissed them. We treat the trial court's rulings as a denial of a motion to amend the plaintiff's initial complaint and review that portion of the trial court's decision under our unsustainable exercise of discretion standard. See id. at 439.

Here, the plaintiff's initial complaint did not allege a specific legal theory. However, when objecting to Liberatore's motion to dismiss, the plaintiff stated that her initial complaint contained only two claims: (1) fraud; and (2) negligent misrepresentation. She did not, at that time, assert that her complaint also alleged claims for breach of the implied covenant or violation of the CPA. Moreover, neither the implied covenant claim nor the CPA claim could reasonably have been inferred from the plaintiff's initial complaint. Thus, we agree with the trial court that the plaintiff's implied covenant and CPA claims constituted entirely new causes of action. Absent a showing of injustice, it was within the trial court's sound discretion to disallow the addition of those two new claims. See Thomas, 151 N.H. at 440.

The plaintiff contends that justice required the amendment of her complaint to add the new claims because she filed her initial complaint on a standard judicial branch form as a self-represented party. However, self-represented parties "are required to abide by and are bound by the same rules of procedure as those with counsel." In re Brewster, 115 N.H. 636, 638 (1975); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006). Moreover, the plaintiff had counsel when she identified the two causes of action in her initial complaint as fraud and negligent misrepresentation.

3

Under these circumstances, we cannot say that the trial court unsustainably exercised its discretion by determining that the plaintiff's implied covenant and CPA claims constituted entirely new causes of action, filed after the statute of limitations ran, and by deciding that to allow the plaintiff to allege those claims would be "unfair and prejudicial" to Liberatore. See Thomas, 151 N.H. at 440. Because the trial court could have reasonably found that these substantive amendments were not necessary to prevent injustice, we conclude that its decision to disallow the amendments was not an unsustainable exercise of discretion. See Pesaturo v. Kinne, 161 N.H. 550, 557 (2011).

We now turn to the trial court's dismissal of the plaintiff's fraud and negligent misrepresentation claims. In reviewing a trial court's decision on a motion to dismiss, we consider whether the allegations contained in the pleadings are "reasonably susceptible of a construction that would permit recovery." Id. at 552. We assume the plaintiff's allegations to be true and construe all inferences in the light most favorable to her. See id. However, we need not assume the truth of statements in the complaint that are merely conclusions of law. See Tessier v. Rockefeller, 162 N.H. 324, 330 (2011). We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and, if the allegations constitute a basis for legal relief, we must hold that the trial court improperly granted the motion to dismiss. See id.

To sufficiently allege a claim of fraud, the plaintiff must allege that Liberatore "made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause [her] to rely upon it." Snierson v. Scruton, 145 N.H. 73, 77 (2000). She must also allege that she justifiably relied upon Liberatore's representation. See id. To withstand a motion to dismiss, the "plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of [Liberatore's] fraudulent conduct." Id.

Viewing the plaintiff's first amended complaint in the light most favorable to her, we conclude that it sufficiently alleges a claim of fraud. The plaintiff alleges that Liberatore represented that the mobile home did not need to be inspected by a home inspector and that he made this representation, even though he "did not honestly hold the opinion that the Mobile Home did not require an inspection." She also alleges that she relied upon this representation and that she suffered damages as a result.

Liberatore argues that the plaintiff's fraud claim fails because his alleged intentional misrepresentation constitutes his opinion about the necessity of a home inspection, and does not constitute a misrepresentation of a material fact. See Syracuse Knitting Co. v. Blanchard, 69 N.H. 447, 449 (1899) ("A representation which merely amounts to a statement of opinion . . . goes for

4

nothing." (quotation omitted)). We disagree. Even if Liberatore's alleged misrepresentation constitutes an opinion it is actionable in this case because the plaintiff has alleged that he "did not honestly hold the opinion" that the home did not need an inspection. See Spead v. Tomlinson, 73 N.H. 46, 62 (1904); see also Sleeper v. Smith, 77 N.H. 337, 339 (1914).

"When a person gives his opinion, the statement that it is his opinion includes one that he believes what he has said to be the truth; in other words, that what he has stated as his opinion is his opinion." Spead, 73 N.H. at 62. Therefore, "[e]very expression of opinion contains at least that one statement of fact." Id. Thus, "a person can state what he knows to be false, for the purpose of inducing another to change his position, when he pretends to express his opinion as to any matter." Id. "In such a case[,] the falsity of the statement consists in stating something as his opinion which is not his opinion." Id. Accordingly, in alleging that Liberatore advised her that she did not need to have the home inspected and that he did not honestly hold that opinion, the plaintiff sufficiently alleged that he committed fraud. See Snierson, 145 N.H. at 77. The trial court, therefore, erred by dismissing that claim.

To sufficiently allege a claim of negligent misrepresentation, the plaintiff must allege that she and Liberatore did not have "equal knowledge," that Liberatore made the representation "with the intention that [she would] act upon it," and that he failed "to exercise reasonable care to verify the truth of his statements before making them." Patch v. Arsenault, 139 N.H. 313, 319 (1995) (quotations omitted).

Viewing the plaintiff's first amended complaint in the light most favorable to her, we conclude that it sufficiently alleges a claim for negligent misrepresentation. The plaintiff alleges that Liberatore advised her that it was not necessary to have a home inspector inspect the property, and that he gave this advice despite having not investigated the home himself or having "any knowledge of conditions that might affect" it. She further alleges that she has "had little experience in real estate transactions," as compared to Liberatore, who she alleges told her that he is "a professional real estate agent," and has been a licensed realtor since 1992. In addition, the plaintiff alleges that Liberatore knew that she had not inspected the mobile home and that she lacked the knowledge to determine whether it required a home inspection.

The plaintiff also alleges that Liberatore received "substantial compensation" from serving as her real estate agent and that he "did not honestly hold the opinion that the Mobile Home did not require an inspection, as [he] lacked any knowledge which would have enabled him to make such an opinion." The plaintiff alleges that she relied upon Liberatore's advice because of his "reputation" and "experience," and, therefore, waived her right to have the home inspected. She alleges that, as a result of Liberatore's conduct, she has suffered damages.

5

Liberatore argues that the plaintiff's negligent misrepresentation claim fails for the same reason as her fraud claim: because his alleged misrepresentation was merely an expression of an opinion, and was not a misrepresentation of material fact.  Even if Liberatore's alleged misrepresentation concerns his opinion, it is actionable in this case because the plaintiff has alleged that he "lacked any knowledge which would have enabled him to make such an opinion," and that she reasonably relied upon his advice, in light of his reputation and experience.  In this way, the plaintiff sufficiently alleged that Liberatore failed to exercise reasonable care when he advised her that a home inspection was not necessary.  See id.

Affirmed in part; reversed in part; and remanded.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,
Clerk**