Merrimack
No. 97-426

WILHEMINA MILLIS

v.

GARY FOUTS

December 13, 1999

*Cleveland, Waters and Bass, P.A.*, of Concord (*Mark D. Wiseman* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Dennis T. Ducharme* on the brief and orally), for the defendant.

THAYER, J. The defendant, Gary Fouts, appeals from a decision by the Superior Court (*McGuire*, J.) that he owed a duty of care to the plaintiff, Wilhemina Millis. We reverse.

The plaintiff and Joseph Sferlazza rented an apartment from the defendant. The plaintiff brought a negligence action against the defendant after she injured her ankle while removing a rotted fence on the property. Prior to the accident, Sferlazza spoke with the defendant about the condition of the fence, and they agreed that the plaintiff and Sferlazza would remove it. The plaintiff and Sferlazza had performed maintenance on the premises on several prior occasions, sometimes without compensation and sometimes in exchange for rent reductions or monetary reimbursement. Sferlazza was employed by a home improvement company and was experienced in all aspects of home improvement work.

The defendant unsuccessfully sought dismissal of the case several times during and after trial, asserting that he did not owe the plaintiff a duty of care. The jury returned a verdict for the plaintiff in the amount of $40,000. On appeal, the defendant argues that the trial court erred in ruling that the defendant owed a duty to the plaintiff because it was not foreseeable that the plaintiff would suffer an injury when removing the fence.

We first address the plaintiff's contention that the defendant did not preserve the issue of foreseeability for appellate review. A contemporaneous and specific objection is required to preserve an issue for appellate review in order to afford trial courts "an opportunity to rule on issues and to correct errors before they are presented to the appellate court." *State v. Williams*, 142 N.H. 662, 669, 708 A.2d 55, 60 (1998).

At the end of the plaintiff's case, the defendant moved for a directed verdict, which the trial court took under advisement. In response to questions from the jury during deliberations, the defendant renewed his motion for a directed verdict, specifically arguing that the plaintiff's injuries were not foreseeable. The court indicated that the defendant had unfairly raised foreseeability as a new issue. We disagree.

When arguing his motion for directed verdict at the end of the plaintiff's case, the defendant asserted:

> Your honor, at this time I'd like to renew the motion I made at the end of the plaintiff's opening. I make it for the same

> reasons I made it at that time, and based on the testimony that we've heard — we've heard from both the plaintiff and Mr. Sferlazza that neither of them saw this as a dangerous job. They both saw this as a routine menial job. There's absolutely no evidence that Mr. Fouts had any knowledge of any particularly dangerous characteristic of this fence. The plaintiff and Mr. Sferlazza, who had the direct dealings with Mr. Fouts, had superior knowledge to his, and for all those reasons I just frankly am baffled to understand exactly what the negligence claim against my client is based on. All the evidence, not just based on the legal argument as to duty. I just don't think there's any evidence from which a reasonable juror could find negligence here.

While the defendant did not expressly utter the word foreseeability, his argument was sufficient to alert the trial court to the issue. Under the concept of foreseeability, "[t]he risk reasonably to be perceived defines the duty to be obeyed." *Palsgraf v. Long Island Railroad Co.*, 162 N.E. 99, 100 (N.Y. 1928). When asserting that none of the individuals involved perceived any risk of harm in the fence removal, the defendant necessarily objected to the existence of a duty based on the absence of foreseeability. Thus, his foreseeability argument raised during jury deliberations was not a new issue.

We turn to the merits of the defendant's argument regarding foreseeability. Our standard of review of a trial court's denial of a motion for directed verdict is narrow. *See Weldy v. Town of Kingston*, 128 N.H. 325, 330, 514 A.2d 1257, 1260 (1986). A party is entitled to a directed verdict only "when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand." *Broderick v. Watts*, 136 N.H. 153, 159, 614 A.2d 600, 604 (1992).

■ In order for the plaintiff to recover under a negligence theory, she must first demonstrate that the defendant owed her a duty of care. *See Walls v. Oxford Management Co.*, 137 N.H. 653, 656, 633 A.2d 103, 104 (1993). Landlords are not exempt from the "accepted maxim that all persons . . . have a duty to exercise reasonable care not to subject others to an unreasonable risk of harm." *Id.* "Whether a duty exists in a particular case is a question of law." *Id.*

"[P]ersons owe a duty of care only to those who are foreseeably endangered by their conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous." *Manchenton v. Auto Leasing Corp.*, 135 N.H. 298, 304, 605 A.2d 208, 213 (1992) (quotation and brackets omitted). Furthermore, "[n]ot every risk that might be foreseen gives rise to a duty to avoid a course of conduct; a duty arises because the likelihood and magnitude of the risk perceived is such that the conduct is unreasonably dangerous." *Id.* at 305, 605 A.2d at 214. We conclude that under the facts of this case, the defendant could not have reasonably foreseen that his conduct would result in harm to the plaintiff.

The defendant's conduct consisted of allowing the plaintiff and Sferlazza to take down the rotted fence. These tenants had done maintenance work for the defendant in the past. The plaintiff testified that she thought removing the fence was an easy, menial task. Despite their knowledge that the fence was in poor condition, neither the plaintiff nor Sferlazza considered the fence removal to be a dangerous job. The defendant had no reason to believe that the plaintiff was in danger when he allowed her to undertake this task. Even if he could foresee that a rotted fence might present a general risk to others, the defendant's conduct of allowing the plaintiff to remove the fence was not unreasonably dangerous.

In *Williams v. O'Brien*, 140 N.H. 595, 599, 669 A.2d 810, 813 (1995), we held that a driver who signals another to proceed on the roadway does not generally owe a duty of care to other motorists. A signaling driver owes a duty only if the signaler knew or should have known that the signalee's view was obstructed, or if there is other objective evidence that the signalee relied on the signaler. *Id.* This is analogous to the present case. Here, the defendant allowed the plaintiff and Sferlazza to proceed with the fence removal. The plaintiff did not rely on the defendant for advice or guidance on removing the fence. Further, there was no information about the fence that the plaintiff lacked and that the defendant knew or should have known.

The plaintiff argues that the defendant had a duty to inspect and maintain the property, and that this duty suffices to put her case before a jury. The defendant's duty to inspect and maintain his property might have been relevant if the plaintiff incurred her injury in the ordinary course of encountering the fence. *Cf. Sargent v. Ross*, 113 N.H. 388, 390, 308 A.2d 528, 529 (1973) (holding landlord liable for death of girl who fell on steep stairway with insufficient railing). Here, however, the plaintiff was injured while removing a

fence that she knew was rotten. The actual basis of the defendant's purported duty is that he had a duty to refuse to allow the plaintiff to remove the fence. We conclude that the defendant had no such duty under the facts of this case.

"When charged with determining whether a duty exists in a particular case, we necessarily encounter the broader, more fundamental question of whether the plaintiff's interests are entitled to legal protection against the defendant's conduct." *Walls*, 137 N.H. at 657, 633 A.2d at 105 (quotation omitted). In making this determination, we consider whether "the social importance of protecting the plaintiff's interest outweighs the importance of immunizing the defendant from extended liability." *Id.* (quotation omitted). While there is no dispute that the plaintiff was injured in this case, we conclude that the landlord should not be held liable for the reasonably unforeseen consequences of his tenant's actions.

We reverse the trial court's denial of the defendant's motion for directed verdict. Therefore, we need not reach the defendant's remaining arguments. *See Appeal of City of Portsmouth, Bd. of Fire Comm'rs*, 137 N.H. 552, 558, 630 A.2d 769, 772 (1993).

*Reversed.*

All concurred.