### A03A2561. KLEIN v. WEAVER.
(593 SE2d 913)

PHIPPS, Judge.

Trisha Klein sued Geraldine Weaver for injuries she sustained when a limb fell from a tree in Weaver's yard. Weaver moved for summary judgment, and the trial court granted her motion. Klein appeals, claiming that the trial court overlooked evidence that Weaver knew, or should have known, that the tree from which the limb fell constituted a dangerous condition. Because there is no genuine issue of material fact regarding whether Weaver knew or should have known that the tree constituted a dangerous condition, summary judgment was appropriate. We therefore affirm.

In order to prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the

light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may obtain summary judgment by demonstrating that the record contains no evidence sufficient to create a jury issue on at least one essential element of the plaintiff['s] case. A defendant is not required to affirmatively disprove the plaintiff['s] case, but may prevail by pointing to the absence of evidence to support the plaintiff['s] case. If the defendant does so, the plaintiff[ ] cannot rest on [her] pleadings, but must point to specific evidence giving rise to a triable issue of fact.[1]

On April 21, 2001, Weaver and some of her family attended a funeral service for Weaver's sister. After the service, everyone went back to Weaver's house. The guests included Weaver's nieces, Sue Kosier and Peggy Deming, Deming's son, Colin Deming, and his girlfriend, Klein. Colin Deming and Klein rode together in Deming's truck, which he parked next to a large oak tree located on Weaver's property. During the gathering at Weaver's house, Klein walked out to Deming's truck to smoke a cigarette. While standing next to the truck, Klein was hit by a large tree limb which fell from one of Weaver's oak trees. She sustained physical injuries that necessitated surgery and hospitalization.

The limb that hit Klein fell from approximately forty feet and was approximately twenty feet long with a diameter of nine to ten inches. According to Colin Deming, who inspected the limb a week after it fell, the limb was dead, dried and severely decayed. He did not recall seeing any green leaves on the limb and stated that nothing on the limb appeared healthy. Prior to the limb falling, Colin Deming had not noticed anything unusual about the tree itself. Weaver's expert, Anthony McClain, signed an affidavit in which he stated that he had reviewed photographs of the fallen limb. According to McClain, the limb appeared to be dead "on the outer extremity" and contained water growth along the main stalk, which "resulted in the limb being severely stressed." McClain stated that because there were green leaves growing on the limb, the average person would not know that the limb was diseased. McClain also inspected the tree and gave his opinion that the tree was healthy, with no visible signs of stress and no visible signs of existing hazards.

Kosier and Peggy Deming had arrived at Weaver's house two weeks before the funeral and stayed with her until a week after the funeral. When they arrived, they noticed a large tree limb on the ground. Deming estimated that the limb had a diameter the size of a

---

[1] (Punctuation and footnotes omitted.) *Cole v. Fauk*, 253 Ga. App. 892-893 (560 SE2d 772) (2002).

small dinner plate. In her affidavit, Kosier stated that the limb had fallen from the same tree that later dropped a limb on Klein. There was no evidence that the limb that fell earlier was rotten or decayed. Deming stated in her affidavit that she had told Weaver before the funeral that she did not "like the look" of some trees in her front yard that were near the power lines, including the tree from which the limb fell and hit Klein. In her deposition, Deming stated that the trees made her uncomfortable because some of the limbs were too close to the power lines.

"In regard to liability for a defective tree the ordinary rules of negligence apply. The owner of a tree is liable for injuries from a falling tree only if he knew or reasonably should have known the tree was diseased, decayed or otherwise constituted a dangerous condition."[2] "A landowner who knows that a tree on his property is decayed and may fall and damage the property of an adjoining landowner is under a duty to eliminate the danger."[3] But a landowner does not have a duty to consistently and constantly check all trees on his property for nonvisible rot; "the manifestation of decay must be visible, apparent, and patent."[4]

Here, there is no evidence that the tree from which the limb fell and injured Klein was diseased or decayed. Klein argues that because Weaver knew that a limb had previously fallen from that tree and because Peggy Deming had told Weaver that she was worried about the trees in Weaver's front yard, including that tree, Weaver should have known that the tree constituted a dangerous condition. Klein also relies on the fact that Weaver had expressed her concern about the condition of some of the trees in her yard before the limb fell.

Although there is evidence in the record that a limb had fallen from the same tree less than a month earlier, there is no evidence that that limb was diseased or decayed. Thus, Weaver was not on notice prior to April 21 that some other limb from that tree might be diseased or decayed and thereby constitute a dangerous condition. And Deming's concern about the trees in Weaver's yard was related to the proximity of certain limbs to the power lines, not to the health of the trees or their limbs. Finally, there is evidence in the record

---

[2] *Willis v. Maloof,* 184 Ga. App. 349, 350 (2) (361 SE2d 512) (1987).

[3] (Citations and punctuation omitted.) *Cornett v. Agee,* 143 Ga. App. 55, 56 (1) (237 SE2d 522) (1977).

[4] Id. at 57; see also *Wade v. Howard,* 232 Ga. App. 55, 59 (499 SE2d 652) (1998) (summary judgment to defendant was appropriate because the plaintiffs failed to demonstrate patent visible decay in a tree before it fell); *Carter v. Ga. Power Co.,* 204 Ga. App. 77, 78 (1) (418 SE2d 379) (1992) ("Just as the owner of a tree has no duty to check it constantly for non-visible rot ([cits.]), a city has no duty to check limbs overhanging a public road for non-visible rot.").

that, prior to April 21, Weaver had tried unsuccessfully to get Georgia Power to cut limbs from some of her trees because she thought they were too close to the power lines and that she wanted to have some trees removed from her yard. But there is no evidence that Weaver wanted limbs removed from the tree from which the limb fell and injured Klein because she thought the limbs were decayed or diseased or that she had expressed any desire to have that tree removed.

The record demonstrates that there is no genuine issue of material fact regarding whether Weaver knew or should have known that the tree from which the limb fell and injured Klein constituted a dangerous condition. Thus, the trial court properly granted summary judgment to Weaver.[5]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 2, 2004.

*Cowan, Plumley & Bucci, Robert A. Cowan, Dean C. Bucci*, for appellant.

*Farrar & Corbin, Archibald A. Farrar, Jr., Christopher L. Corbin*, for appellee.

---

[5] See *Willis*, supra at 350-351.