Hillsborough-southern judicial district
No. 2009-599

AMER KHATER & a.

v.

SEAN SULLIVAN & a.

Submitted: March 24, 2010
Opinion Issued: June 3, 2010

Amer Khater and Habiba Mhaidar, by brief, *pro se.*

*Ransmeier & Spellman, PC*, of Concord (*Daniel J. Mullen* on the memorandum of law), for the defendants.

HICKS, J. The plaintiffs, Amer Khater and Habiba Mhaidar, appeal an order of the Superior Court (*Barry*, J.) dismissing their claim for monetary relief for alleged violations of their equal protection rights under the New Hampshire Constitution. We affirm.

The following facts appear in the trial court's order. In the summer of 2008, the plaintiffs applied for two retail vehicle permits to display and sell vehicles at two separate locations in Hudson. Defendant Town of Hudson (town) denied these permits. The town avers that it did so because the plaintiffs failed to obtain site plan approval. The plaintiffs, however, allege that the true reason was unlawful race discrimination in violation of the Equal Protection Clause of the New Hampshire Constitution, *see* N.H. CONST. pt. I, art. 12, and filed suit against the town and two of its officials, Sean Sullivan and Shawn Jasper. As evidence of this discrimination, the plaintiffs alleged that other Hudson residents received permits to display and sell vehicles without having to receive site plan approval.

The defendants moved to dismiss because the plaintiffs failed to exhaust their administrative remedies by appealing the denial of their permit to the zoning board of adjustment. The trial court ruled that the plaintiffs did not have to exhaust their administrative remedies because "the board of adjustment, although particularly suited to review the permit denials, is not equipped to handle a charge of race discrimination" and cannot award the monetary damages the plaintiffs seek. The trial court, however, dismissed the plaintiffs' action on different grounds. Citing *Rockhouse Mt. Property Owners Assoc. v. Town of Conway*, 127 N.H. 593 (1986), the trial court ruled that courts disfavor the creation of a common law tort remedy for a constitutional violation, particularly where a statutory remedy exists.

In reviewing a trial court's ruling on a motion to dismiss, we consider whether the allegations contained in the pleadings are reasonably susceptible of a construction that would permit recovery. *McNamara v. Hersh*, 157 N.H. 72, 73 (2008). We assume the plaintiffs' pleadings to be true and construe all reasonable inferences in the light most favorable to them. *Id.* We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and, if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. *Id.*

On appeal, the plaintiffs first argue that they exhausted their administrative remedies. We need not address this argument because the trial court ruled that the plaintiffs did not have a cause of action pursuant to the doctrine outlined in *Rockhouse*, not because of any alleged failure to exhaust administrative remedies.

The plaintiffs next appear to argue that they still have a viable cause of action against the two individual defendants because the trial court addressed their claims only as to the town, and not as to the two individual

defendants. We disagree. The trial court addressed the plaintiffs' arguments as to both the town and the individual defendants.

We now turn to the primary issue on appeal. In *Rockhouse*, we examined whether a violation of state constitutional guarantees of equal protection or due process can serve as the basis for a direct action for money damages. *Rockhouse*, 127 N.H. at 597. There, a group of vacation home owners sued the Town of Conway and the town selectmen for refusing to lay out and maintain roads in a development. *Id.* at 595. They claimed that they were being discriminated against because of their "seasonal residence" in violation of their rights to equal protection and due process under the State Constitution. *Id.* at 596.

■ In *Rockhouse*, we recognized that while the "denial of equal protection demands some vindication in the law," *id.* at 598; *see* N.H. CONST. pt. I, art. 12, it need not take the form of "a damages remedy modeled on tort law." *Rockhouse*, 127 N.H. at 598. While we have the authority to create such a remedy at common law, we will avoid such an exceptional exercise where an established statutory, common law, or administrative remedy is adequate. *Id.* at 598-99; *see Marquay v. Eno*, 139 N.H. 708, 722 (1995); *see also Bush v. Lucas*, 462 U.S. 367 (1983). Where no established remedy exists or that remedy is meaningless, however, we "will not hesitate to exercise our authority to create an appropriate remedy." *Marquay*, 139 N.H. at 722.

In *Rockhouse*, we found that an adequate statutory remedy was available. The landowners had a statutory right to seek *de novo* review of the town selectmen's decision to not construct and maintain roads to their homes. *Rockhouse*, 127 N.H. at 598. This statutory right existed whether or not the selectmen's refusal was due to "mere error or an [unconstitutional] intent to discriminate." *Id.* We held this remedy was adequate even though it would "not provide any additional recompense when the denial has resulted from unconstitutional conduct rather than mere error." *Id.* at 599. Our concern was that the creation of a supplemental constitutional cause of action "would inevitably lead to the conversion of every road dispute into a constitutional tort action." *Id.* We noted that "[i]n the charged atmosphere of local politics, few are suspected of benignly motivated error." *Id.*

■ Similarly, existing statutory law provides the plaintiffs with an adequate remedy for the harms alleged here. The plaintiffs could have challenged the denial of the requested permits by appealing to the zoning board of adjustment. If they received an unfavorable result, they could then have appealed the permit denial to the superior court. This statutory remedy may not be as "complete" as an additional constitutional tort would provide, but we, nevertheless, hold it to be adequate. Further, this case

poses the same policy concerns as in *Rockhouse*. We believe that the "likely multiplication of litigation resulting from a local squabble would be too high a price to pay for such a supplemental cause of action." *Id.* Therefore, we decline to recognize a new constitutional tort.

Accordingly, we hold that the trial court did not err in granting the defendants' motion to dismiss.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.