Hillsborough-southern judicial district
No. 2010-127

LINDA PESATURO

v.

ROBBIN KINNE

Submitted: January 6, 2011
Opinion Issued: February 25, 2011

Linda Pesaturo, by brief, *pro se.*

*Getman, Schulthess & Steere, P.A.,* of Bedford (*Debbie Lorusso Makris and Jill A. DeMello* on the brief), for the defendant.

DALIANIS, C.J. The plaintiff, Linda Pesaturo, appeals an order of the Superior Court (*Groff,* J.) granting a motion to dismiss by the defendant, Robbin Kinne. We affirm in part, reverse in part, and remand.

The record reveals the following facts. The plaintiff brought a small claims action against the defendant in the Nashua District Court seeking more than $2,000 in damages because two of the defendant's trees overhang her property; one limits the use of her driveway, and the other damages her fence.

The defendant removed the matter to superior court. The plaintiff then filed a "Complaint for Abatement of a Nuisance and Property Damage" (amended complaint) with the superior court. The defendant moved to dismiss, arguing that the plaintiff failed to state a claim upon which relief could be granted. The trial court reviewed the plaintiff's original complaint and dismissed both her negligence and nuisance claims. The trial court did not review the plaintiff's amended complaint. The plaintiff filed a motion to reconsider and to amend her complaint, asking the trial court to address her previously filed amended complaint. The trial court denied the motion and this appeal followed.

The plaintiff asserts that the trial court erred by dismissing her original complaint and by not giving her the opportunity to amend her complaint to correct the perceived deficiencies. *See ERG, Inc. v. Barnes,* 137 N.H. 186, 189 (1993). We first address whether the trial court erred by dismissing the plaintiff's original complaint.

In reviewing a trial court's ruling on a motion to dismiss, we consider whether the allegations contained in the pleadings are reasonably susceptible of a construction that would permit recovery. *Khater v. Sullivan,* 160 N.H. 372, 373 (2010). We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to her. *Id.* We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and, if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. *Id.*

The plaintiff's original complaint stated that she sought damages for: "(1) Neighbor's yearly Pine tree devastation to [her] property and fence structures; (2) Neighbor's Oak tree limb overhangs onto driveway, prohibiting parking and usage." The trial court analyzed the plaintiff's original complaint as alleging both nuisance and negligence. Relying upon *Belhumeur v. Zilm,* 157 N.H. 233, 235, 238 (2008), the trial court dismissed both claims.

■The plaintiffs in *Belhumeur* were injured as a result of being attacked by wild bees that the defendants had allowed to nest in a tree on or about their premises. *Belhumeur*, 157 N.H. at 234. The plaintiffs alleged that the defendants allowing the wild bees on the premises constituted a private nuisance. *Id.* We adopted the common law rule that a landowner is under no affirmative duty to remedy conditions of purely natural origin on his land even though they are dangerous or inconvenient to his neighbors. *Id.* at 235. "In order to create a *legal* nuisance, *the act of man* must have contributed to its existence." *Id.* (quotation omitted). Like the nuisance claim in *Belhumeur*, the plaintiff's original complaint failed to state a cause of action for nuisance because she did not allege that the defendant "contributed to the existence" of the tree on his property. *Id.* (quotation and brackets omitted). Accordingly, the trial court properly granted the motion to dismiss the original complaint as to the nuisance claim.

■While *Belhumeur* is dispositive with regard to the plaintiff's nuisance claim, it is not dispositive with respect to her negligence claim. In *Belhumeur*, relying upon the doctrine of *ferae naturae*, we upheld the trial court's ruling that the defendants could not be held liable to their neighbors in negligence for the independent acts of wild animals that they neither possessed nor harbored. *Id.* at 238. Under *ferae naturae* a landowner cannot be held liable for the acts of wild animals occurring on his property unless the landowner has actually reduced indigenous wild animals to possession or control, or introduced non-indigenous animals into the area. *Id.* at 236. *Ferae naturae* applies only to wild animals. *Id.* Accordingly, *Belhumeur* is not controlling authority with respect to the plaintiff's negligence claim regarding the defendant's trees.

■ The defendant relies upon the statement in *Belhumeur* that "to require a landowner to abate all harm potentially posed to his neighbors by indigenous animals, plants or insects naturally located upon his property would impose an enormous and unwarranted burden." *Id.* at 237. This statement, however, is dicta and is not controlling here. *Ferae naturae* does not apply to plants, such as trees. *See Nicholson v. Smith*, 986 S.W.2d 54, 60 (Tex. App. 1999) (*ferae naturae* means "animals of a wild nature or disposition" (quotation omitted)). Further, in *Belhumeur* we declined to impose liability on a landowner based upon the "unpredictability and uncontrollability of wild animals." *Id.* at 237. A tree does not possess this same type of unpredictability and uncontrollability.

■ Having concluded that *Belhumeur* does not control, we apply our ordinary rules of negligence. *See Klein v. Weaver*, 593 S.E.2d 913, 914 (Ga. Ct. App. 2004) (applying ordinary rules of negligence in case regarding

liability for defective tree); *see also Sprecher v. Adamson Companies*, 636 P.2d 1121, 1124 (Cal. 1981) (listing jurisdictions applying ordinary negligence principles in determining possessor's liability for harm caused by natural conditions). "With respect to landowners, we have long held that as a general rule all owners and occupiers of land are governed by the test of reasonable care under all of the circumstances in the maintenance and operation of their property." *Kellner v. Lowney*, 145 N.H. 195, 197 (2000).

■ Under New Hampshire law, for a duty to exist on the part of a landowner, it must be foreseeable that an injury might occur as a result of the landowner's actions or inactions. *Id.* at 198. In *Kellner*, we recognized that a landowner's liability "may extend beyond the borders of his or her property" and concluded that "[a] duty may be present if the landowner's acts or omissions create a sufficiently foreseeable risk of harm in such a case, where it can be found that the landowner did not use reasonable care in the maintenance and operation of his or her property." *Id.* at 200.

We have not previously applied these rules to a landowner's trees because this is an issue of first impression for this court. However, the United States District Court for the District of New Hampshire has addressed this issue. *See Grant v. Wakeda Campground, LLC*, 631 F. Supp. 2d 120, 122 (D.N.H. 2009). The plaintiffs in *Grant* brought an action against the defendant campground for injuries sustained from a pine tree falling on their camper. *Id.* The court, applying New Hampshire law, recognized that "owners and occupiers of land owe . . . a duty of reasonable care under all the circumstances in the maintenance and operation of their property." *Id.* at 124 (quotation omitted); *see Werne v. Executive Women's Golf Assoc.*, 158 N.H. 373, 376 (2009). The court observed that "[a]s part of a landowner's general duty to keep his property reasonably safe, having a campground with campsites among the trees may well create a duty to keep the trees 'limbed' of dead limbs and to take down dead and diseased trees." *Grant*, 631 F. Supp. 2d. at 124-25. The court concluded, "While there is clearly no duty to clear cut defendant's land, defendant reasonably may be charged with the duty of regularly inspecting trees and removing those which potentially could create a danger or hazard." *Id.* at 125. The court held that the plaintiffs failed to establish that the landowner breached its duty to keep the campground safe during a severe storm because there was no evidence that the trees were dead or unhealthy or that the landowner's actions or inactions caused the tree to fall on the camper. *Id.*

Other jurisdictions have held that a landowner who knows or should know that a tree on his property is decayed or defective has a duty to eliminate that danger. *See Klein*, 593 S.E.2d at 914; *Meyers v. Delaney*, 529 N.W.2d 288, 290 (Iowa 1995); *Rowe v. McGee*, 168 S.E.2d 77, 81 (N.C. App.

Ct. 1969); *see also* 2 C.J.S. *Adjoining Landowners* § 61 (2003) (landowner who knows a tree is decayed and may fall and damage the property of an adjoining landowner is under duty to eliminate the danger). Although these courts attached liability where a decayed or defective tree fell, we do not believe that a tree must actually fall before a landowner may be subject to liability for negligence.

■ When charged with determining whether a duty exists in a particular case, we necessarily encounter the broader, more fundamental question of whether the plaintiff's interests are entitled to legal protection against the defendant's conduct. *Millis v. Fouts*, 144 N.H. 446, 450 (1999). In making this determination, we consider whether the social importance of protecting the plaintiff's interest outweighs the importance of immunizing the defendant from extended liability. *Id.* We believe that a landowner should be held responsible for a decayed or defective tree that he permits to harm another because it would be an "inherent injustice" to allow a landowner to "escape all liability for serious damage to his neighbors . . . merely by allowing nature to take its course." *Sprecher*, 636 P.2d at 1125.

■ Based upon the above discussion, we are persuaded that because there is a foreseeable risk of injury when a tree is decayed or defective, a landowner who knows or should know that his tree is decayed or defective has a duty to maintain the tree to eliminate this dangerous condition. Thus, we hold that a landowner who knows or should know that his tree is decayed or defective and fails to maintain the tree reasonably is liable for injuries proximately caused by the tree, even when the harm occurs outside of his property lines. *See Ivancic v. Olmstead*, 488 N.E.2d 72, 73 (N.Y. 1985), *cert. denied*, 476 U.S. 1117 (1986); *Kellner*, 145 N.H. at 200. However, a landowner does not have a duty to "consistently and constantly check all trees for nonvisible decay." *Ivancic*, 488 N.E.2d at 73. "Rather, the manifestation of [the tree's] decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm." *Id.* at 73, 74.

■ We now test the allegations of the plaintiff's original complaint against our new rule regarding a landowner's negligence for trees on his property to determine whether the facts alleged constitute a basis for relief. *See Khater*, 160 N.H. at 373. In doing so, we conclude that the plaintiff's original complaint fails to allege a cause of action for negligence because she has not alleged that the trees are decayed or defective, or that the defendant knew that the trees were in such a condition but failed to eliminate the danger to the plaintiff. *See Klein*, 593 S.E.2d at 913-14.

Accordingly, we hold that the trial court did not err by dismissing the plaintiff's negligence claims in her original complaint.

■ Having concluded that the trial court did not err in dismissing the plaintiff's original complaint, we now address whether it erred in denying the plaintiff's motion to amend her complaint. In *ERG*, we held that before dismissing a writ for failure to state a cause of action, the trial court must give the plaintiff an opportunity to amend the writ to correct its perceived deficiencies. *ERG*, 137 N.H. at 189. While *ERG* gives the plaintiff an opportunity to correct perceived deficiencies in her original claims, it does not grant her the right to plead an entirely new cause of action. *Coan v. N.H. Dep't of Envt'l Servs.*, 161 N.H. 1, 11 (2010). A court need only allow substantive amendments when necessary to prevent injustice. *Thomas v. Telegraph Publ'g Co.*, 151 N.H. 435, 439 (2004). A substantive amendment that introduces an entirely new cause of action, or calls for substantially different evidence, may be properly denied. *Id.* Therefore, we must review the plaintiff's amended complaint to determine whether it corrects the deficiencies in her original complaint or pleads an entirely new cause of action. The decision of the trial court to deny a motion to amend will not be overturned absent an unsustainable exercise of discretion. *Id.*

The amended complaint alleges that: (1) the defendant's insufficient management of his pine tree, as well as rain, wind, ice and snow, caused tree limbs to break off the pine tree and damage the plaintiff's fence; (2) the root system of the pine tree extends onto the plaintiff's property causing her to trip; (3) the defendant told the plaintiff he would address the "pine limb problem," the plaintiff relied upon this and installed a new fence, the defendant failed to correct the problem and now the plaintiff's new fence is damaged; and (4) the defendant's oak tree contains "swinging, dead limbs" that hang over the plaintiff's driveway preventing its use. The amended complaint also alleges that the defendant has knowledge of the plaintiff's concerns about the trees because the parties "have had dialogue in reference to the encroachment of the defendant's oak tree with swinging, dead limbs that hang over [the plaintiff's] driveway," and the defendant "has been fully aware of the endangerment [*sic*] of his [pine tree's] shedding tree boughs."

To the extent that the amended complaint attempts to plead a claim for private nuisance, we hold that it fails for the same reason as the plaintiff's original complaint. As in her original complaint, the plaintiff's amended complaint fails to allege that the defendant "contributed to the existence" of these trees. *Belhumeur*, 157 N.H. at 235 (quotation and brackets omitted).

▮▮▮▮ Regarding the plaintiff's negligence claims, we conclude that the only viable claim concerns the defendant's oak tree. To recover for negligence, a plaintiff must demonstrate that the defendant has a duty, that he breached that duty, and that the breach proximately caused injury to the plaintiff. *Dewyngaerdt v. Bean Ins. Agency*, 151 N.H. 406, 407 (2004). Here, the plaintiff's amended complaint sufficiently alleges that the defendant knew about his oak tree's "swinging, dead limbs" and, thus, that the tree was decayed or defective, thereby imposing a duty upon him to eliminate the condition. The amended complaint also sufficiently alleges that the defendant breached this duty by failing to act and that this breach caused the plaintiff injury by denying her use of her driveway. *See* RESTATEMENT (SECOND) OF TORTS §§ 929, 931 (1965). Because the issue has not been addressed by the parties with respect to the negligence claim, we express no opinion on the issue of whether the availability to the plaintiff of a self-help remedy, *i.e.*, cutting down the offending overhanging tree branches herself, would defeat the plaintiff's negligence cause of action or constitute a defense to the same.

▮▮▮ The allegations about the defendant's pine tree, however, fail to state a claim upon which relief may be granted. The plaintiff alleges that because of "rain, wind, ice and snow," and the defendant's insufficient management of the pine tree, limbs break off and damage her fence. This allegation is insufficient to establish that the tree is decayed or defective.

▮▮▮ To the extent that the plaintiff's amended complaint purports to state a claim for promissory estoppel or breach of oral contract based upon the defendant's alleged promise and subsequent failure to "address the pine limb problem," these would constitute new causes of action and were properly denied by the trial court. Similarly, the trial court did not err by disallowing the plaintiff's allegation regarding the personal injury she has allegedly suffered because of the defendant's pine tree roots as this also presents a new cause of action. Because the trial court could have reasonably found that these substantive amendments were not necessary to prevent injustice, we conclude that its decision to deny the amendments was a sustainable exercise of discretion. *See Thomas*, 151 N.H. at 439.

In summary, we uphold the trial court's decision to dismiss the plaintiff's original complaint in its entirety and its decision not to allow the plaintiff to amend her complaint to add new causes of action. Additionally, we uphold the trial court's decision not to allow the plaintiff to amend her nuisance claim or her negligence claim regarding the plaintiff's pine tree, as these amendments fail to correct the deficiencies in her original complaint. We reverse, however, the trial court's denial of the plaintiff's motion to amend

her negligence claim regarding the defendant's oak tree because this amendment does correct the deficiencies in this claim.

*Affirmed in part; reversed in part; and remanded.*

DUGGAN, HICKS, CONBOY and LYNN, JJ., concurred.