# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0081, <u>Bradford Dutton v. Town of Salem</u>, the court on May 22, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Bradford Dutton, appeals the Superior Court's (<u>McHugh</u>, J.) grant of summary judgment in favor of the defendant, the Town of Salem (Town), on his action alleging negligence, nuisance, and trespass arising out of damage to his residence caused by trees owned by the Town that fell onto his property. Dutton argues that the trial court erred when it found that discretionary function immunity barred his negligence claim. The Town cross-appeals, arguing that the trial court erred when it failed to rule that the Town had immunity under RSA 507-B:2-b (2010). Alternatively, the Town argues that summary judgment in its favor was warranted because the trees fell as a result of an "act of God." <u>See</u> <u>Goddard v. Company</u>, 82 N.H. 225, 227 (1926). We affirm in part, reverse in part, and remand.

The following facts are undisputed. Dutton owns property in Salem. In 2008, the Town acquired the lot adjacent to Dutton's lot (Town property), by tax deed. A powerful winter storm occurred in February 2010, producing high winds and heavy snow. During the storm, six trees fell onto or near Dutton's residence. Of the six trees, at least two trees from the Town property and at least two trees from Dutton's property contributed to the severe damage to his residence. He later filed this action, sounding in negligence, nuisance, and trespass, against the Town and a prior owner, seeking compensatory damages for the losses to his real and personal property.

The Town moved for summary judgment, arguing that it was entitled to immunity because municipal decisions regarding whether to acquire property by tax deed or whether to hire a tree expert to inspect or remove trees are decisions concerning the "allocation of resources as to municipal property, [which] are often subject to . . . discretionary function immunity." The Town further maintained that it had immunity under RSA 507-B:2-b because the sole cause of the damage to Dutton's residence was a winter storm that "produced hurricane-force wind[s]" and "uprooted" healthy trees. It also argued that it had immunity because the damage to Dutton's residence was caused by an "act of God." <u>See</u> <u>Goddard</u>, 82 N.H. at 227. With respect to Dutton's trespass and nuisance claims, the Town argued that Dutton failed to allege an intentional act for purposes of trespass, and that nuisance does not apply to "conditions of purely natural origin."

In opposition to the Town's motion for summary judgment, Dutton argued that the Town is not entitled to discretionary function immunity because whether the Town was acting pursuant to a plan or policy presented an issue of material fact. Dutton also maintained that, because the storm was not the sole cause of the damage, the Town is not immune under RSA 507-B:2-b or the "act of God" defense. In support of his claim that the Town contributed to the damage, Dutton submitted an expert report from an arborist, who opined that one of the trees on the Town property that fell onto Dutton's residence was dead. Finally, Dutton opposed the Town's motion for summary judgment as to his nuisance claim.

The trial court denied summary judgment with respect to immunity under RSA 507-B:2-b. However, it entered summary judgment in favor of the Town with respect to discretionary function immunity, and with respect to the trespass and nuisance claims. As to discretionary function immunity, the trial court found that the Town "represent[ed] that [its] decisions [regarding maintenance of the Town property] involved weighing financial resources," and that "[t]hese are the type of decisions entitled to [such] immunity." Dutton filed a motion for reconsideration, arguing that the Town provided no evidence that it had a plan in place relating to trees on Town property. The trial court denied the motion, and this appeal followed. We note that Dutton does not appeal the grant of summary judgment as to his nuisance and trespass claims.

"We review de novo the trial court's application of the law to the facts in its summary judgment ruling." Prolerized New England Co. v. City of Manchester, 166 N.H. 617, 622 (2014) (quotation omitted). "We consider all of the evidence presented in the record, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party." Id. (quotation omitted). "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Id. (quotation omitted).

On appeal, Dutton argues that the trial court erred when it ruled that the Town is entitled to discretionary function immunity on his negligence claim. Dutton asserts that genuine issues of material fact exist including, among other things, whether the Town actually had a plan or policy for the inspection or removal of trees on Town property. He maintains that the Town did not submit evidence showing that it weighed financial resources based upon a "high degree of official judgment or discretion" as required for discretionary function immunity. Tarbell Adm'r, Inc. v. City of Concord, 157 N.H. 678, 683-84 (2008) (quotation omitted). In response, the Town argues that "[t]he trial court correctly ruled that the Town's decisions regarding the expenditure of time and resources to inspect and maintain property acquired by tax lien 'are the type of decisions entitled to discretionary immunity.'"

2

The Town cross-appeals, arguing that the trial court erred in denying immunity under RSA 507-B:2-b. Alternatively, the Town argues that the trial court should have entered summary judgment on the Town's "act of God" defense because there is no genuine issue of material fact as to causation. See Goddard, 82 N.H. at 227.

We first consider whether the Town is entitled to discretionary function immunity. Discretionary function immunity is an exception to municipal liability "for acts and omissions constituting (a) the exercise of a legislative or judicial function, and (b) the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." Tarbell Adm'r, Inc., 157 N.H. at 683-84 (quotation omitted). Further, "[w]hen the particular conduct which caused the injury is one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability." Id. (quotation omitted). "[T]he discretion or judgment must attach to decisions requiring consideration of public policy or planning to be protected." Id. (quotation omitted). Specifically, we distinguish between "policy decisions involving the consideration of competing economic, social, and political factors" and "operational or ministerial decisions required to implement the policy decisions." Id. (quotations omitted).

We cannot say on the record before us that, with respect to the removal or inspection of trees on the Town property, the Town engaged in conduct involving a "high degree of official judgment or discretion." Id. at 684 (quotation omitted). In Tarbell, we reversed the trial court's grant of summary judgment in favor of the City of Concord, because "the City [did] not assert[] and the trial court did not find that the City [had] a plan or policy concerning the maintenance of the [subject] drainage systems." Id. at 687.

Here, the Town did not submit any evidence to demonstrate that it had a plan or policy in place concerning trees located on tax-deeded properties or, even generally, on Town property, which involved the weighing of "competing economic, social, and political factors." Id. at 685 (quotation omitted) (concluding that, in making the decision whether or not to adjust the water level in the reservoir, the City of Concord "had to weigh competing economic and social factors, including the expensive costs of pumping water from the [river] to the [lake] in the event [of a] lack of [future] rainfall and protecting downstream property owners" (quotation omitted)). To accept the Town's bare assertion — in the absence of evidence of an actual plan or policy — that discretionary function immunity should apply to any Town decision involving "allocation of limited municipal resources," would, in essence, create blanket immunity. Accordingly, we reverse the entry of summary judgment on the basis of discretionary function immunity.

We next turn to the Town's cross-appeal, and consider whether the trial court properly ruled that the Town is not entitled to immunity under RSA 507-B:2-b. RSA 507-B:2-b provides in pertinent part:

> a municipality . . . shall not be liable for damage arising from insufficiencies or hazards on any premises owned, occupied, maintained, or operated by it, even if it has actual notice of them, when such hazards are <u>caused solely</u> by snow, ice, or other inclement weather, and the municipality's . . . failure or delay in removing or mitigating such hazards is the result of its implementation, absent gross negligence or reckless disregard of the hazard, of a winter or inclement weather maintenance policy or set of priorities with respect to such premises, adopted in good faith by the official responsible for such policy. All municipal . . . employees, officials, and agents shall be presumed to be acting pursuant to such a policy or set of priorities in the absence of proof to the contrary.

(Emphasis added.) The trial court denied the Town's motion for summary judgment pursuant to RSA 507-B:2-b, concluding that whether the damage was "caused solely by inclement weather is a factual issue for the jury to decide." <u>See</u> <u>Cloutier v. City of Berlin</u>, 154 N.H. 13, 23-24 (2006) (construing the identical language in RSA 231:92-a (2009)). We agree with the trial court.

We have held that "a landowner who knows or should know that [its] tree is decayed or defective and fails to maintain the tree reasonably is liable for injuries proximately caused by the tree, even when the harm occurs outside of [its] property lines." <u>Pesaturo v. Kinne</u>, 161 N.H. 550, 555 (2011). Here, Dutton's expert opined that the first tree that fell from the Town property onto Dutton's residence "had no sap in the outer sapwood," which "would indicate that this . . . tree was dead." Additionally, he observed that the tree "broke off approximately 30 [feet] above the ground" and that "[t]he top of this tree was dead" and "rotted." Thus, given the record before us, including the opinion of Dutton's expert, we conclude that a genuine issue of material fact exists as to whether the storm was the <u>sole</u> cause of the damage to Dutton's residence. Accordingly, we affirm the trial court's denial of summary judgment on the basis of immunity under RSA 507-B:2-b.

Finally, the Town argues that the trial court erred when it failed to rule upon the viability of the Town's "act of God" defense. "To excuse [the Town] on this ground, it must appear that its fault was not a contributing cause for the wrong complained of." <u>Goddard</u>, 82 N.H. at 227. However, "[a]n occurrence is not an act of God excusing human accountability unless resulting from a cause which operates without interference or aid from man." <u>Id</u>. (quotation omitted). For the same reasons that we cannot determine whether the storm was the sole cause of the damage to Dutton's residence under RSA 507-B:2-b, we cannot

4

determine, on the record before us, whether the storm was an "act of God" that damaged Dutton's residence "without . . . aid from" the Town. Id. Accordingly, we conclude that the trial court did not err when it declined to enter summary judgment in favor of the Town in regard to its "act of God" defense.

Affirmed in part; reversed in part; and remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**