**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0222, <u>Appeal of Robert Newcomb & a.</u>, the court on August 5, 2022, issued the following order:**

Having considered the briefs, the record submitted on appeal, and the oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioners, Robert and Carolyn Newcomb, appeal a decision of the New Hampshire Wetlands Council (the Council) dismissing their appeal of an order of the New Hampshire Department of Environmental Services (DES) requiring removal of a newly constructed landing and stairway attached to their waterfront property. <u>See</u> RSA 482-A:10, I (Supp. 2021); RSA 21-O:14, III (2020); RSA 21-O:5-a, V (2020). We affirm in part, reverse in part, and remand.

The following facts were alleged in the petitioners' notice of appeal before the Council, and are accepted as true for the purposes of this appeal, are undisputed, or are established by the administrative record. The petitioners own a waterfront house on Lake Winnipesaukee. In 2018 or 2019, the petitioners completed a construction project on the waterfront side of the home. They replaced four slider doors with windows, constructed a three-foot by six-foot landing adjacent to a remaining ground-floor slider door, and constructed a stairway leading from that landing down to an existing deck.

In February 2019, DES received a complaint about the landing and stairway and, in April, inspected the property. Approximately one year later, DES issued an administrative order finding that the petitioners' construction of the landing and stairs did not meet the requirements of RSA 482-A:26, III(a) (2013). That statute provides, in relevant part:

> Existing dwellings over water which were constructed or converted to be made suitable for use as a dwelling in accordance with the law in effect at the time of construction or conversion, may be repaired or reconstructed, for maintenance purposes only . . . provided the result is a functionally equivalent use. Such repair or reconstruction may alter the interior design or existing cribwork, but no expansion of the existing footprint or outside dimensions shall be permitted.

RSA 482-A:26, III(a). DES found that the petitioners violated the statute because the new construction "expand[ed] the footprint and outside

dimensions of a dwelling over water." It ordered the petitioners to remove the landing and stairs.

In May 2020, the petitioners, representing themselves, filed a notice of appeal with the Council contesting DES's decision. See RSA 482-A:10, I; RSA 21-O:14, I-a(a) (2020). They set forth two grounds upon which they alleged DES's decision was unlawful or unreasonable, see RSA 482-A:10, IV (Supp. 2021): the construction did not result in an expansion of the property's footprint and therefore did meet the requirements of RSA 482-A:26, III(a); and DES should be estopped from enforcing the statute because a DES employee represented to the petitioners' builder that "DES does not deal with egress issues," and the petitioners relied on that representation in not seeking a permit. The Council scheduled a hearing on the matter, and the petitioners retained counsel. Prior to the hearing, DES filed a motion to dismiss the petitioners' appeal for failure to state a cognizable claim that DES acted unlawfully or unreasonably. See RSA 21-O:14, I-a(a). The petitioners objected.

The hearing officer granted DES's motion and dismissed the appeal. See RSA 21-M:3, IX(e) (2020) (providing that the hearing officer shall decide all questions of law). The hearing officer determined that the petitioners had failed to state a claim that DES acted unlawfully or unreasonably in finding that the project does not meet the criteria contained in RSA 482-A:26, III(a). He reasoned that, regardless of whether the construction expanded the property's footprint or outside dimensions, the project "did not amount to a repair or reconstruction of existing landings . . . solely for maintenance purposes," nor result in a "functionally equivalent use" within the meaning of the statute. Additionally, the hearing officer concluded that the petitioners had failed to adequately allege a claim of governmental estoppel. The petitioners filed a motion for reconsideration, which the Council denied. This appeal followed.

Our standard of review of the Council's decision is set forth in RSA 541:13 (2021). Appeal of N.H. Dep't of Envtl. Servs., 173 N.H. 282, 289 (2020); RSA 21-O:14, III. Under RSA 541:13, the petitioners have the burden of demonstrating that the Council's decision was "clearly unreasonable or unlawful." RSA 541:13. We must uphold the Council's decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence before us, "that such order is unjust or unreasonable." Id.

Because this case involves an appeal from the Council's decision on a motion to dismiss, our standard of review is whether the allegations and grounds set forth in the petitioners' notice of appeal before the Council are reasonably susceptible of a construction that would permit recovery. See Pro Done, Inc. v. Basham, 172 N.H. 138, 141 (2019). We assume that the facts alleged in the petitioners' notice of appeal to the Council are true and construe all reasonable inferences in the light most favorable to the petitioners. See id.; RSA 21-O:14, I-a(a). We then engage in a threshold inquiry that tests the facts

2

alleged by the petitioners against the applicable law, and if the allegations constitute a basis for legal relief — here, that DES's decision was unreasonable or unlawful — we must hold that it was improper to grant the motion to dismiss.  Pro Done, 172 N.H. at 141-42; RSA 541:13.

The petitioners first assert that the hearing officer erred when he concluded that the construction project did not satisfy the requirements of RSA 482-A:26, III(a) in that it did not constitute a repair or reconstruction for maintenance purposes only and did not result in a functionally equivalent use. They contend that they alleged sufficient facts showing that their construction project met the requirements of the statute, and, therefore, their appeal on this ground should not have been dismissed.  DES counters that this argument is not adequately preserved for our review.  We find the petitioners' argument preserved and conclude that the petitioners alleged sufficient facts to survive a motion to dismiss.

The petitioners raised this issue in their notice of appeal to the Council by alleging that DES's order was unreasonable or unlawful because the new landing and stairway were a repair or reconstruction of a "walk-out and stairway" that had worn and fallen away from the home.  DES itself responded to this claim by arguing in its motion to dismiss that "[t]he construction of new stairs and a walkout over the public water where no walkout and stairs previously existed is not a repair nor a reconstruction for maintenance purposes."  The hearing officer then adopted DES's reasoning in granting its motion to dismiss.  The petitioners objected to this conclusion in their motion for reconsideration, arguing that the character of the work —"whether repair, maintenance or new construction" — raised questions of fact and that, viewing the facts in the light most favorable to them, this claim should survive.  We therefore conclude that the petitioners adequately preserved this issue for our review.

Turning to the merits, we agree with the petitioners that they alleged sufficient facts to support the ground that DES acted unlawfully or unreasonably when it determined that the construction project was prohibited because it did not satisfy the requirements of RSA 482-A:26, III(a).  RSA 482-A:26 limits the work that can be done to existing dwellings over water by providing that such dwellings "may be repaired or reconstructed, for maintenance purposes only . . . provided the result is a functionally equivalent use" and that "no expansion of the existing footprint or outside dimensions" results.  RSA 482-A:26, III(a).

Here, the petitioners alleged in their notice of appeal to the Council that their project met these requirements, making it allowable under the statute. The petitioners adequately alleged that the property is an existing dwelling over water and that the project constituted a repair of part of the property.  In their notice of appeal, the petitioners alleged that "there was a walk-out and stairway

3

at one point on the side of the house where the boat ramp sits." They also provided a picture of that side of the house prior to the construction project, which depicts remnants of an entryway outside of an exterior door. These allegations, taken as true and viewed in the light most favorable to the petitioners, are sufficient to allege that the new landing and stairway constitute a "repair" in that they replace a previously worn, damaged, or unsound path of ingress and egress from the home. See N.H. Admin. R., Env-Wt 104.05 (defining "[r]epair" as "to fix or replace only those components of an existing legal structure that are worn, broken, or unsound so as to restore the structure to its original purpose"). These same allegations support that the new walkout and stairway resulted in a "functionally equivalent use" — a means of ingress and egress.

The petitioners also alleged that the repair was done for "maintenance purposes only." RSA 482-A:26, III(a). DES regulations define "[m]aintenance" as "routine activities undertaken at a sufficient frequency that the structure being maintained remains intact and functional for its intended purpose." N.H. Admin. R., Env-Wt 103.32. In the context of this case, we construe "structure" as used in this regulation to mean the entire dwelling over water. See RSA 482-A:2, IX (2013) (defining "[s]tructure"); N.H. Admin. R., Env-Wt 104.30 (same). The petitioners alleged facts to support that the repair of the landing and stairs was necessary to keep the structure intact and functional for its use as a home by stating that the home "will no longer be safe if [they] are forced to remove the walk-out and stair way" and that removal would bring them out of compliance with applicable building codes. Although the petitioners did not allege specific facts about the "frequency" with which this type of work has been performed on the home in the past, they did state that there was previously a landing and stairway, which had worn away. Taking these facts as true and construing reasonable inferences in the petitioners' favor, these allegations are sufficient to establish that the repair work was done for maintenance purposes.

Finally, the petitioners alleged that the landing and stairs do "not extend any further than the rocks around [their] foundation" and that, because they simply relocated and rebuilt the prior landing and staircase, they did not "increase[] [their] foot print." Because the petitioners alleged sufficient facts, which, taken as true, would bring their construction project within RSA 482-A:26, III(a), we conclude that they stated a claim that DES's removal order was unlawful or unreasonable. Accordingly, we conclude that the petitioners have carried their burden of proving that the Council erred as a matter of law in dismissing this ground of the petitioners' appeal, and we remand for further proceedings on this claim. See RSA 541:13.

The petitioners next argue that the Council erred when it dismissed their governmental estoppel claim. In order to adequately plead a claim of governmental estoppel, the petitioners had to allege that: (1) DES made a false

4

representation or concealment of material facts with knowledge of those facts; (2) the petitioners were ignorant of the truth of the matter; (3) DES made the representation with the intention of inducing the petitioners to rely upon it; and (4) the petitioners were induced to rely upon the representation to their injury. See Sunapee Difference v. State of N.H., 164 N.H. 778, 792-93 (2013).

The totality of the petitioners' allegations concerning this claim are as follows:

> We relied on expert representation, that being, our builder and code enforcement officer also known as the building inspector from our town of Moultonborough NH. It's our understanding the builder went to DES and asked about this egress issue and because it was an egress issue was referred back to the town of Moultonborough, due to the fact that DES does not deal with egress issues.
> . . . .
>
> We relied on expert representation to get the permits needed in place to do their jobs . . . . If in fact, there was misunderstanding or misinterpretation of the rules <u>from Whomever, whether it be the person the builder spoke to who works at DES, or our builder or our building inspector at the time</u>, we don't want to be caught in the cross fire . . . ."

(Emphasis added.)

Read together, it is unclear <u>who</u> the petitioners allege made the representation at issue — a DES employee, their builder, or their building inspector. Moreover, even assuming they sufficiently alleged that DES made the operative representation, it is unclear whether they claim that the DES employee made a knowing misrepresentation or if they allege that there was merely a misunderstanding by the DES employee about how to apply the applicable rule based on the information she or he was given. Thus, even construing the notice of appeal in the petitioners' favor, the allegations are too vague to set out a claim of governmental estoppel. As a result, we conclude that the Council did not err when it dismissed this ground for the petitioners' appeal. However, because in this administrative proceeding the notice of appeal is the equivalent of a complaint, see RSA 482-A:10, IV, on remand, the Council shall provide the petitioners the opportunity to file a motion to amend the notice of appeal to correct these deficiencies. See Pesaturo v. Kinne, 161 N.H. 550, 556 (2011) ("[B]efore dismissing a writ for failure to state a cause of action, the trial court must give the plaintiff an opportunity to amend the writ to correct its perceived deficiencies.").

The petitioners also argue that the hearing officer erred when he dismissed their "waiver or alternative remedy claim." They argue that they adequately stated a claim that DES acted unlawfully or unreasonably in that it refused to consider a resolution of the petitioners' violation short of removal, such as grant of a waiver. DES counters that this issue is not preserved because the petitioners did not set out this ground in their notice of appeal to the Council.

DES is correct that the petitioners' notice of appeal contains no allegation that they contacted DES to discuss possible alternatives to removal or that they applied for a waiver. See N.H. Admin. R., Env-Wt 204.02-.06 (regulations regarding requirements for waiver request); RSA 482-A:26, III(b) (2013) (providing for waiver of statutory requirements under limited circumstances). Nevertheless, because this proceeding is in its infancy and we are reversing and remanding this case for further proceedings before the Council on other bases, we direct the Council to give the petitioners an opportunity to file a motion to amend their notice of appeal to set forth this ground. We note that, unlike the petitioners' governmental estoppel claim, this basis for finding DES's decision unlawful or unreasonable was not set out in the notice of appeal. See Pesaturo, 161 N.H. at 556 (distinguishing between the opportunity to correct deficiencies in original claims and pleading a new cause of action). Accordingly, if the petitioners move to add this ground on remand, DES shall be given the opportunity to object, and the Council should assess whether amendment to add this ground is "necessary to prevent injustice," id., and whether it would prejudice DES, see Thomas v. Telegraph Publ'g Co., 151 N.H. 435, 440 (2004).

Finally, the petitioners argue that DES lacked "subject matter jurisdiction" under RSA chapter 482-A to issue its order, and the Council, by extension, also lacked jurisdiction to dismiss the petitioners' appeal. DES counters that the substance of the petitioners' argument cannot be characterized as one relating to "subject matter jurisdiction." For that reason, it asserts that, unlike issues of subject matter jurisdiction that can be raised at any time, the petitioners' argument was subject to preservation requirements, which the petitioners failed to meet. We agree with DES that the petitioners' final argument does not pertain to subject matter jurisdiction.

Subject matter jurisdiction is "a tribunal's authority to adjudicate the type of controversy involved in the action." Gordon v. Town of Rye, 162 N.H. 144, 149 (2011) (quotation omitted). The petitioners' sole argument on appeal regarding DES's, and by extension the Council's, "subject matter jurisdiction" is that DES lacked jurisdiction to issue its removal order because the construction project is exempt from DES's authority pursuant to RSA 482-A:3, IV(a) (2013). RSA 482-A:3, IV(a) provides that: "The replacement or repair of existing structures in or adjacent to any waters of the state which does not involve excavation, removal, filling, or dredging in any waters or of any bank,

flat, marsh, or swamp is exempt from the provisions of this chapter." This argument does not relate to DES's authority to adjudicate a dispute, but, rather, pertains to DES's authority to regulate the property and the construction project at issue. See RSA 482-A:6, IV (2013) ("The department may issue an order to any person in violation of this chapter . . . ."); N.H. Admin. R., Env-Wt 103.24, 103.25 (defining "[j]urisdiction" as "the regulatory authority conferred by RSA [chapter] 482-A" and "[j]urisdictional area" as "an area that is subject to regulation under RSA [chapter] 482-A"). The petitioners' argument, therefore, is not properly characterized as a challenge to "subject matter jurisdiction." Cf. Fuel Safe Washington v. F.E.R.C., 389 F.3d 1313, 1321-22 (10th Cir. 2004) (rejecting appellant's argument that challenge to agency's regulatory power was the equivalent of a challenge to its subject matter jurisdiction and refusing to consider argument because it was not adequately raised before the agency). As such, this argument is subject to preservation requirements.

The petitioners failed to raise this issue in their notice of appeal. Accordingly, we treat this claim in the same way as the petitioners' inchoate "waiver or alternative remedy" claim: we conclude that the petitioners should be given the opportunity on remand to file a motion to amend their notice of appeal to add this ground. The Council should evaluate any such request using the same standard outlined above with regard to the waiver or alternative remedy ground for appeal.

In sum, we conclude that the Council erred as a matter of law when it determined that the petitioners did not allege sufficient facts, at the motion to dismiss phase, to support their claim that DES acted unlawfully or unreasonably by finding that their construction project does not meet the criteria of RSA 482-A:26, III(a). We therefore reverse that ruling and remand for further proceedings consistent with this order. We affirm the Council's dismissal of the petitioners' other grounds for appeal but instruct the Council to provide the petitioners the opportunity to file a motion to amend their notice of appeal as set forth above.

Affirmed in part; reversed in part; and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas, Clerk**

7