# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0170, <u>Jason A. Czekalski v. Cheshire County & a.</u>, the court on September 30, 2019, issued the following order:**

## <u>Corrected Order</u>

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Jason A. Czekalski, appeals orders of the Superior Court (<u>Ruoff</u>, J.) entered in his litigation against the defendants, Cheshire County (the County) and the superintendent of the Cheshire County House of Corrections (CCHOC), Richard Van Wickler. We affirm.

The plaintiff, currently a state prison inmate, filed the instant action in 2016 regarding his alleged mistreatment in 2013, when he was a pretrial detainee at CCHOC. His complaint, spanning more than 40 pages and containing 65 claims, requests a jury trial and seeks monetary damages. The complaint groups the plaintiff's claims into four categories: (1) claims related to his right to participate meaningfully in his defense and to have access to the courts; (2) negligence-related claims; (3) intentional torts; and (4) claims related to his right to religious freedom.

The defendants moved to dismiss the plaintiff's claims in a series of motions. The first motion, brought in 2017, sought dismissal of his claims for monetary damages based upon alleged state constitutional violations. The defendants argued that dismissal was warranted because "New Hampshire does not recognize a cause of action for monetary damages for an alleged violation of state constitutional precepts." <u>See, e.g.</u>, <u>Khater v. Sullivan</u>, 160 N.H. 372, 373-75 (2010) (declining to recognize a new constitutional tort allowing a plaintiff to recover damages for a violation of the equal protection guarantee under Part I, Article 12 of the State Constitution). The plaintiff objected, urging the trial court to allow his constitutionally-based damages claims because "New Hampshire has no statutory analog to 42 USC 1983, . . . the New Hampshire Supreme Court has refused to create a state analog to <u>Bivens</u>," and an inmate's "ability to pursue equitable relief is meaningless." Consistent with existing case law, the trial court granted the defendants' motion to dismiss, leaving counts 17 (alleging that CCHOC charged exorbitant fees for copying or printing), 19-21 (claims concerning inmate access to legal supplies), 24 (alleging that CCHOC lacks a means by which inmates may mail documents by certified mail or deliver documents to the county sheriff), 27-40 (claims concerning alleged "medical negligence" and "general negligence" related to inmate beds, corporal punishment, and denying visitation to the

plaintiff's agent), and 42-51 (alleging that CCHOC acted unlawfully because it has an "absolute monopoly over inmates' access to canteen [supplies] and phone usage") remaining. The plaintiff unsuccessfully moved for reconsideration.

Thereafter, the defendants filed a second motion to dismiss, seeking dismissal of the plaintiff's remaining claims on the ground that they are barred by RSA chapter 507-B. The defendants asserted that the County is entitled to immunity pursuant to RSA 507-B:5, which provides that "[n]o governmental unit shall be held liable in any action to recover for bodily injury, personal injury, or property damage except as provided by this chapter or as is provided or may be provided by other statute." RSA 507-B:5 (2010). Although RSA 507-B:2 creates an exception to governmental immunity, that exception "requires a nexus between the claim and the governmental unit's ownership, occupation, or operation of the physical premises," Lamb v. Shaker Reg'l Sch. Dist., 168 N.H. 47, 51 (2015), and, the defendants argued, the plaintiff failed to allege the requisite nexus. See RSA 507-B:2 (2010); see also Martineau v. Antilus, Civil No. 16-cv-541-LM, 2017 WL 2693491, at *4 (D.N.H. June 22, 2017) (explaining that, "[a]lthough county employees caused [inmate's] injuries in a county-operated facility, his injuries were wholly unrelated to the physical premises of the Jail," and, thus, county was entitled to immunity under RSA 507-B:2); Maryea v. Baggs, Civil No. 13-cv-318-LM, 2016 WL 1060226, at *5-*6 (D.N.H. March 15, 2016) (deciding that county was entitled to immunity under RSA 507-B:2 because inmate failed to show a nexus between her claim that county negligently failed to prevent other inmates from assaulting her and county's "operation of the physical [house of corrections] premises"). The defendants also asserted that Van Wickler was entitled to immunity as to those claims asserted against him in his official capacity, "absent any individual, specific conduct" by him.

Over the plaintiff's objection, the trial court partially granted the defendants' motion, ruling that RSA chapter 507-B barred counts 17, 19-21, 24, 28-29, 31, 33, 36, 38, 40-45, and 47-51. The court decided that counts 27 (concerning negligent failure of CCHOC to distribute medication "on a regular schedule"), 30 (same), 32 (concerning CCHOC's negligent failure to obtain the plaintiff's medical records until approximately five months after he arrived), 34 (alleging that CCHOC is negligent because it has "forced" the plaintiff to sleep on a steel plate "with minimal padding or protection"), 35 (same), 39 (alleging that forcing the plaintiff to sleep on a steel plate constitutes intentional infliction of emotional distress), and 46 (alleging that CCHOC violated the New Hampshire Consumer Protection Act by using debit cards to issue refunds to inmates from commissary accounts) survived the motion because, liberally construed, they sufficiently pleaded the requisite nexus.

In October 2017, the plaintiff filed a motion for leave to file an interlocutory appeal from the trial court's rulings, asserting that "this case

2

cannot and will not be fully adjudicated" until this court ruled on the questions of law posed in his proposed interlocutory appeal. That motion was denied, and the plaintiff does not challenge the denial in this appeal.

In August 2018, the plaintiff moved again for leave to file an interlocutory appeal, arguing that "[a]s the case stands at this time, the remaining counts are insufficient as a basis to continue the action without addressing the three questions raised in [his] prior Motion for Interlocutory Appeal." The trial court denied his motion.

The plaintiff then moved for voluntary nonsuit of his remaining counts, asserting that his "claims are insufficient to support continued prosecution of this action without the three questions raised in [his] [proposed] Interlocutory Appeal being answered, and that to continue to prosecute this action would constitute a waste of time and resources for both parties and [the trial] court." The defendants responded that that they objected to the motion to the extent that it sought dismissal of the plaintiff's remaining claims without prejudice and that they assented to the motion to the extent that it sought dismissal of those claims with prejudice. In addition, the defendants brought a third motion to dismiss, seeking dismissal of the plaintiff's remaining claims on the ground that he failed "to state viable and cognizable claims." The plaintiff objected to the defendant's motion, asserting that it was "moot" in light of his motion for voluntary nonsuit.

In a lengthy narrative order, the trial court denied the plaintiff's motion for voluntary nonsuit and granted the defendants' motion to dismiss counts 27, 30, and 32. The plaintiff moved for reconsideration, asserting that "any Non-Suit granted at this time is 'with prejudice' as the Statute of Limitations has expired on any and all issues [he] might bring against these defendants, and these issues may only be resurrected as a result of the appeals process." Thereafter, the trial court entered nonsuit with prejudice of claims 34, 35, 39 and 46. This appeal followed.

On appeal, the plaintiff first argues that the trial court erred by dismissing his state constitutional claims because, he asserts, unless he is allowed to bring those claims to recover monetary damages, he has no other viable remedy. He concedes that he "could have continued to pursue [his] equitable claims" following his transfer to state prison and that he also could have filed a federal claim "under Title 42 U.S.C. §1983," but contends that such avenues were "problematic." He asks that we "create a narrowly tailored exception to the existing standard and allow plaintiffs to receive monetary damages for violations of state Constitutional rights by county and other municipal corrections facilities." Alternatively, he asks that the exception be applied "only to inmates: a) whose term of incarceration at that facility ends before litigation can be completed; and/or b) who are transferred out of a facility due to the filing or threatened filing of litigation."

3

The plaintiff next asserts that the trial court erred by ruling that RSA chapter 507-B bars his negligence claims because, he contends, "the negligence complained of was a result of policies and procedures put in place by [the defendants] and were an integral part of the daily operation of the facility," and, therefore, the negligence arises directly from the defendants' ownership, maintenance, or operation of CCHOC. He also argues that his claims brought under the New Hampshire Consumer Protection Act are viable.

The plaintiff next contends that the trial court unsustainably exercised its discretion by denying his second request for leave to file an interlocutory appeal. Finally, he argues that the trial court erred by accepting and granting the defendants' third motion to dismiss because that motion: (1) "had been being promised by defendants for approximately one year"; (2) "had twice been used to support defendants' arguments in opposition to plaintiff's Motion to Allow Interlocutory Appeal"; and (3) was not filed until after the plaintiff had filed his motion for voluntary nonsuit.

In reviewing an order granting a motion to dismiss, we assume the well-pleaded allegations of fact in the complaint to be true, and draw all reasonable inferences from those facts in the plaintiff's favor. Estate of Mortner v. Thompson, 170 N.H. 625, 631 (2018). We do not, however, credit allegations in the complaint that are merely conclusions of law. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and determine whether the allegations are reasonably susceptible of a construction that would permit recovery. Id. If the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. Id. Assuming without deciding that the trial court's denial of the plaintiff's second request for leave to file an interlocutory appeal from ruling constitutes an appealable order, we review the trial court's denial under our unsustainable exercise of discretion standard. See State v. Lambert, 147 N.H. 295, 296 (2001).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's numerous orders, the plaintiff's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Eileen Fox,**
**Clerk**

4